WILLIE COOPER, *Petitioner,* vs. STATE OF FLORIDA, *Defendant.*

143 So. 217.

Division A.

Opinion filed July 21, 1932.

*W. W. Flournoy*, for Petitioner;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for Respondent.

PER CURIAM.—In this case petitioner was convicted in the County Judge's Court of Walton County of the offense of unlawfully possessing intoxicating liquor. Certain alleged intoxicating liquor was procured under authority of a pretended search warrant from the residence of the accused and was used against the defendant at the trial over the objection of defendant as evidence against him. At the close of the evidence defendant's counsel was limited by order of the court to five minutes in which to argue defendant's case before the jury.

On writ of error the judgment was affirmed by the Circuit Court and the case now comes to us on certiorari.

It is contended that the defendant was convicted in violation of Article IV of the Constitution of the United States and sections 11 and 22 of the Declaration of Rights of the State of Florida. Section 22 of the Declaration of Rights which is as follows:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated, and no warrants issued, but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized;"

was not placed in the organic law of this State as an idle gesture. The Supreme Court of Alabama in the case of City of Bessemer vs. Eidge, 162 Ala. 201, 50 Sou. 270, said:

"Search warrants are not allowed for the purpose of obtaining evidence, but they should be allowed only after the evidence has been obtained. There are exceptions to this rule, a few specific cases, where that which is the subject of the crime is supposed to be concealed, and the public has an interest in finding it and destroying it. Such are searches for stolen goods, or for smuggled goods in violation of revenue law, and implements for gaming, counterfeiting, lottery tickets, liquors made in violation of revenue law or sold in violation of prohibition law, obscene books and papers, explosives, injurious materials etc. 'It is oftentimes better that crimes should go unpunished than that citizens should be liable to have their premises invaded, their private books and papers exposed or destroyed at the hands of ignorant and suspicious men, under the direction of ministerial officers who may bring such persons as he pleases and who selects them on account of their physical courage rather than their sensitive regard for the rights or feelings of other people.' Cooley, Const. Lim. 372.

The common-law maxim, 'Every man's house is his castle' is guaranteed by the Constitutional provision of 'the right of the people to be secure in their person, houses, papers and effects against unreasonable searches and seizures,' and that 'no warrant shall issue except upon probable cause, supported by oath or affirmation, describing the place to be searched and the person or things to be seized.' It was said by Lord Chatham that 'the poorest man in his cottage may bid defiance to all the forces of the crown; it may be frail; its roof may shake; the wind may blow through it; the storm may enter; the rain may enter; but the king may not enter, and all his forces dare not cross the threshold of the ruined tenement.'

A search warrant must be issued only by a court of competent jurisdiction, it must be issued to the officer of the law and not to the aggrieved party, it can be granted only upon probable cause supported by oath or affirmation, and the warrant must describe the premises and the person or things to be taken. Bishop Crim. Proc. 240-246; Tiedeman's Lim. Pol. Pow. 462.

'To enter a man's house by virtue of a warrant in order to procure evidence against him is worse than Spanish Inquisition, a law under which no Englishman would wish to live an hour,' said Lord Camden.''

Section 8518 C. G. L., which was section 19 of Chapter 9321, Acts of 1923, as amended by section 2 of chapter 10273, Acts of 1925, provides in part:

"No warrant for the search of any private dwelling shall be issued except on sworn proof by affidavit of some credible witness that he or she has reason to believe and such affidavit shall set forth the facts on which such reason or belief is based that the laws prohibiting the unlawful sale, possession and manufacture of liquor, are being violated in such dwelling," etc.

The affidavit upon which the search warrant issued in this case does not meet the requirements of the statute. Here the attempted compliance with this portion of the statute was in the following language:

"That the aforesaid belief of affiant is based upon the following facts; upon information furnished affiant by parties who have knowledge of such sale and possession and whom affiant believes to be truthful and reliable."

It will be observed that this language does not state any fact on which such reason or belief is based but is equivalent only to an allegation, "that affiant has reason to believe and does believe, on information and belief." There is no allegation in this affidavit upon which the affiant could be held accountable for false swearing or perjury. Neither is there any allegation of fact which may be traversed. If an affidavit of this sort may be held to be a sufficient basis for the issuance of a search warrant authorizing the search of a private dwelling, then those provisions of the Constitution, both State and Federal, above referred to, amount to nothing and any man's home may be invaded at any time by designing

and unscrupulous persons without the formality of an affidavit being filed, the falsity of which is susceptible of proof. We take it that the provisions quoted from section 8518 C. G. L., supra, mean that the person making the affidavit must therein swear that he, or she, has reason to believe that the dwelling is being used unlawfully as stated in the affidavit and must then set forth specifically the facts upon which such reason or belief is based and those facts must be so set forth that the existence or non-existence thereof may be a matter of definite proof so that the affiant may be held responsible for the truth or falsity of his statements in that regard.

The affidavit constituting the basis of the search warrant being insufficient, the evidence which was procured by virtue thereof was inadmissible and should have been excluded on timely objection being made thereof. See Gildrie vs. State, 94 Fla. 134, 113 Sou. 704, and cases there cited.

Section 11 of the Declaration of Rights guarantees to every accused the right of a speedy and public trial by an impartial jury in the county where the crime was committed and that he shall be heard by himself or counsel, or both, to demand the nature and cause of the accusation against him. The court has no right to deprive the accused of the benefit of counsel. See Gibson vs. State, 26 Fla. 109, 7 Sou. 376, Moore vs. State, 59 Fla. 23, 52 Sou. 971.

We do not mean to say that the court may not reasonably limit the time which counsel may devote to the argument of a case, but for a trial court to arbitrarily limit counsel for a defendant who is on trial, charged with a criminal offense, to the space of five minutes in which to present the defendant's case to the jury is upon its face an abuse of discretion and amounts to denying the defendant the benefit of counsel in violation of the

Declaration of Rights. See May vs. State, 88 Fla. 96, 103 Sou. 115, and numerous authorities there cited.

It is, therefore, apparent that the essential requirements of law were not observed as to the matters herein discussed and it, therefore, follows that the judgment of the Circuit Court must be quashed and it is so ordered.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.