43 So.2d 856 (1950)
DE LANCY et al.
v.
CITY OF MIAMI.
BROOME
v.
CITY OF MIAMI.
RUBIN
v.
CITY OF MIAMI.
Supreme Court of Florida, en Banc.
January 17, 1950.
Roberts, Holland & Strickland, Miami, for petitioners.
J.W. Watson, Jr., and John D. Marsh, Miami, for respondent.
THOMAS, Justice.
In the case of DeLancy v. The City of Miami the petitioner challenges the manner of executing the search warrant which we shall presently discuss, while in all three cases the petitioners urge the insufficiency of the affidavits forming bases for the warrants.
We shall devote our comment to the question common to all three petitions for certiorari to review judgments of the circuit court affirming judgments of conviction in the municipal court because our investigation and examination convince us that the affidavits were fatally defective, and having this view about the very foundation of the warrants, there appears no need to determine the propriety of the service of them.
Substance of the affidavits was (1) that the affiants believed and had good reason to believe that in a certain building gambling was being conducted by unknown persons and (2) that the affiants' "reason for this belief [was] that [they had] learned from an investigation" that such gambling was being carried on. It is the second statement with which we must find fault.
Section 22 of the Declaration of Rights, F.S.A., protects the people against unreasonable searches and seizures and specifically provides that no search warrant shall issue except "upon probable cause, supported by oath or affirmation, particularly describing the place * * * to be *857 searched and the person * * * and things * * * to be seized." Of like effect are the provisions of the Fourth Amendment to the Constitution of the United States.
The sole question for our decision is whether the affidavits from which we have quoted set out sufficient facts, supporting the belief of the affiants, to establish in the mind of the issuing officer probable cause that the laws against gambling were being violated. In other words, can one procuring the writ simply say that he has formed his belief from what he has learned from some sort of investigation by some person or other, the officer not being informed how or by whom the investigation was made, how the affiant came by the intelligence, whether the information he, or, for that matter, his informant, received was hearsay or mere rumor?
We fail to see how the affidavits now under consideration were any stronger than the one condemned by a unanimous decision of this court in Cooper v. State, 106 Fla. 254, 143 So. 217, 218. Here the affiant placed his belief upon what he had learned from an investigation by someone whose name he did not disclose. In the cited case the affiant represented that his belief was based "`upon information furnished affiant by parties who have knowledge of [a violation] and whom affiant believes to be truthful and reliable.'" A comment of the court on that occasion fits as well the situation here: "It will be observed that this language does not state any fact on which such reason or belief is based, but is equivalent only to an allegation `that affiant has reason to believe and does believe, on information and belief.'"
This holding is not one peculiar to this court, but seems harmonious with decisions of a majority of the courts on the subject. For instance, the Supreme Court of the United States announced in Grau v. U.S., 287 U.S. 124, 53 S.Ct. 38, 40, 77 L.Ed. 212, the rule that "A search warrant may issue only upon evidence which would be competent in the trial of the offense before a jury * * * and would lead a man of prudence and caution to believe that the offense has been committed." Obviously the evidence before the officer who issued the warrants in question would not be competent in a trial and would not convince a prudent man that gambling was being conducted in the places to be searched.
Citations of other cases on the point may be found in 47 Am.Jur. 517 and 39 A.L.R. 838.
We are not unaware that guilty persons may go free where convincing evidence against them is held inadmissible because obtained by defective search warrants. But our paramount concern is for the guaranty in the organic law against unreasonable searches. We have spoken on this subject, too, in Cooper v. State, supra, where we approved Judge Cooley's comment that "`"It is oftentimes better that crimes should go unpunished than that citizens should be liable to have their premises invaded * * *"'"
We conclude that the search warrants were invalid; so the writs of certiorari are granted and the judgments of the circuit court affirming the judgments of the municipal court are quashed.
ADAMS, C.J., and TERRELL, CHAPMAN, HOBSON and ROBERTS, JJ., concur.