81 So.2d 201 (1955)
Eloy PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
September 21, 1955.
*202 Manuel M. Garcia, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Bart L. Cohen and John S. Lloyd, Asst. Attys. Gen., for appellee.
THOMAS, Justice.
In an information filed in the Criminal Court of Record of Hillsborough County the appellant, Eloy Perez, and his wife, Teresa, were charged with four violations of the statutes denouncing lotteries.
Before the trial commenced they challenged the search warrant in the execution of which evidence was procured that the state proposed to use to establish their guilt. The judge denied the motion to quash the warrant and overruled an objection offered on behalf of Perez and his wife to the introduction of evidence insisted by them to have been illegally obtained.
The appellant was convicted of the crimes charged in three counts of the information, his wife was convicted of the crimes charged in two counts. The husband alone appealed.
The heart of the appellant's first question, constituting an assault on the judgment because of the introduction of evidence procured in the search, is a certain statement in the affidavit forming the basis for the warrant. We quote it: "* * * the facts tending to establish the grounds for this application and the probable cause of affiant believing that such facts exist are as follows: That affiant, on December 11th, 1953, personally observed a confidential informant dial a telephone number, being the same number listed in the telephone directory for Tampa, Florida, under the name Eloy Perez of 1850 Rivera Court, and while listening on an extension of said telephone, affiant heard said confidential informant talk to a woman who answered to the name of Teresa, and purchase from said woman over the telephone an interest in a lottery commonly known as Bolita or Cuba, and that affiant believes and has reason to believe that unlawful gambling and a lottery are actually being operated within said building."
*203 We think the position of the appellant may be succinctly stated: (1) information gained by the affiant in the manner shown in the affidavit was not admissible in evidence because of the inhibitions of Sec. 822.10, Florida Statutes 1953, and F.S.A., and Sec. 605 of the Federal Communications Act of 1934, 47 U.S.C.A. § 605, (2) this court has held that evidence to support a search warrant must be of such quality as would render it competent in a trial; and (3) the information was not sufficient to establish probable cause that crime was being committed. Therefore, reasons the appellant, the affidavit should fall and carry with it the warrant as well as the evidence the officers obtained in the search.
We deal first with the second proposition which arises from the opinion prepared by this writer in DeLancy v. City of Miami, Fla., 43 So.2d 856, 14 A.L.R.2d 602, and two allied cases, and followed in Borrego v. State, Fla., 62 So.2d 43. In the affidavit described in the DeLancy case an affiant had stated his belief that gambling was being conducted by unknown persons, and gave as reason for the belief that he had learned about the gambling from an investigation. That was about as near no reason as one could imagine and we said so, in effect, quoting from Cooper v. State, 106 Fla. 254, 143 So. 217, in which case we condemned similar language as amounting to no more than belief based on information and belief. We said further that the decision harmonized with those of a majority of courts on the subject and as an example cited Grau v. United States, 287 U.S. 124, 53 S.Ct. 38, 40, 77 L.Ed. 212, where the court held that a search warrant could "issue only upon evidence which would be competent in the trial * * * and would lead a man of prudence and caution to believe that the offense [had] been committed." (Our italics.)
Now the appellant relies upon our statement as an endorsement of evidentiary value as a criterion of the sufficiency of information to support a search warrant, while the state calls to our attention the fact that the statement in the Grau case was repudiated in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879, as, indeed, it was. In the latter case the Supreme Court of the United States recognized the "difference between what [evidence] is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search."
Our choice of the Grau case was unfortunate and, actually, unnecessary for we were holding in the DeLancy case that the affidavit wholly failed to establish probable cause, much less contained intelligence introducable in evidence. Inasmuch as the Supreme Court of the United States has receded from the pronouncement in the Grau case, we do not hesitate to recede from anything written in the DeLancy and Borrego cases which would appear to commit us to the rule that information forming the basis of a search warrant must be gauged by its admissibility as evidence in a trial. In justice to ourselves, or to this writer, we add, in conclusion, that the Brinegar decision was not cited to us either in the DeLancy or the Borrego cases.
We return now to the affidavit which appellant assails so spiritedly. The affiant himself saw a "confidential informant" dial the number of a telephone listed under appellant's name at 1850 Rivera Court in Tampa, appellant's address. The affiant heard a woman who answered to the name of Teresa; the informant bought from Teresa an interest in a lottery known as Bolita or Cuba; and the property described was occupied by appellant and Teresa Perez.
Regardless of the question whether or not the information would have been admissible as evidence in the trial of appellant and his wife, Teresa, it is difficult to understand how any prudent man could have had affiant's experience and not have concluded, or had reason to believe, that the dwelling of the appellant and his wife was being used for lottery operations. Certainly the intelligence received amounted to more than mere suspicion, though it may have been lacking in quality as admissible evidence, Brinegar v. United States, supra. *204 The existence of "probable cause" or "reasonable belief" or "trustworthy information" was established, Collins v. State, Fla., 65 So.2d 61, and the circuit judge who issued the search warrant did not err in so ruling
In answering appellant's second proposition we have answered also his third.
As for the argument that the information was not usable because of the statute, Sec. 822.10, supra, we cannot agree that it leads to a decision in appellant's favor. That law provides punishment for the tapping of communication systems "without the consent of the owner", but we cannot construe it to mean that what was done by the affiant and the informant in this case constituted a violation that would render the information illegal, or useless, as a basis for establishing probable cause.
Nor do we agree that by the enactment of Sec. 364.31, Florida Statutes 1951, and F.S.A., the legislature adopted by reference Sec. 605 of the Federal Communications Act of 1934 so that a construction of the federal act would condemn the action of the affiant as a violation of state law. Cf. Schwartz v. Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231. The state statute on this point simply provides that public utility companies shall not be expected to violate the federal act in meeting the responsibilities placed on them by state law.
The appellant's second, and last, question does not in our opinion contain any merit. He sought discovery under Sec. 909.18, Florida Statutes 1951, and F.S.A., and the judge, on 29 April 1954, entered an order requiring the state to "produce and allow defendants, or their attorney * * * to inspect, copy or photograph * * * objects * * * which the State [intended] to use * * * as evidence * * * upon due notice to said defendants' attorney * * * on or before May 8, 1954."
The trial commenced 18 May 1954. The record is silent as to anything done by the county solicitor or demanded by the appellant's attorney with reference to the order between the day it was entered and the time some of the objects seized were offered in evidence at the trial. It was then that the appellant's counsel objected to their admissibility because the state had not complied with the order, and he now argues that the overruling of his objection was error. We think it was not. The primary purpose of the statute, and the order entered pursuant to the statute, was to furnish the appellant with information that would enable him better to prepare his defense. Surely he could not have let the time pass without insisting on the benefits of the order he had obtained, and assume that once the trial had begun the use of the evidence could be defeated on the ground that the county solicitor had not given the notice mentioned in the order.
We agree with the trial judge that the appellant could not enter upon the trial without further attempt to get the information he had sought, and without complaint that it had not been furnished, and then have it rejected simply because the notice mentioned in the order had never been received from the county solicitor. By his conduct the appellant waived any advantages he might have gained by the inspection.
We find no reason to interfere with the judgment so it is 
Affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.