PER CURIAM.
This matter is here upon the motion of Mr. John A. Madigan, Jr., to file a brief amicus curiae in the above cause which *594 has been set for reargument 10 February-1958 after rehearing granted by the court.
It seems that the petition must be denied because it does not comply with the rules of this court governing such petitions. It is provided in Rule 3.7k, Florida Appellate Rules, that an attorney who wishes to file a brief as amicus curiae may do so in two situations, i. e., if all parties agree or if the court grants permission after certain conditions are met. The first of these does not apply because such consent has not been forthcoming, but, on the contrary, the attorneys for appellants have protested against the action.
Under the second provision, the permission may be granted if the motion is filed within 80 days after filing of the notice of appeal. The notice of appeal in the present case was filed 12 April 1955 and the motion 28 January 1958, so two years, nine months and sixteen days passed between their filing.
We have also considered the motion in the light of Supreme Court Rule 36(10), 31 F.S.A., which was effective from 15 March 1955 until superseded by Rule 3.7k, supra. Under the earlier rule a brief ami-cus curiae could be filed by consent of the attorneys for all parties or upon petition timely filed giving the reason for thé request. Aside from the question of timeliness, the reason given for seeking permission to file a brief is, simply, the concern of Mr. Madigan’s clients about the apparent conflict between the opinion, which is to be reheard and the opinion in Perez v. State, Fla., 81 So.2d 201.
We stress here that a brief for the State was filed by the Attorney General, the case was originally argued by an assistant attorney general, the petition for rehearing was filed by the Attorney General, and it is presumed that the Attorney General, or a member of his staff, will'reargue the matter on the day set inasmuch as the reargument was granted at the request of the Attorney General.
The Attorney General’s petition for rehearing presented, point-blank, the apparent conflict between the decision in this case and in Perez v. State, supra, so it is evident that the question raised by Mr. Madigan will be amply presented and cannot escape the attention of the court.
Denied.
TERRELL, C. J., and THOMAS, HOB-SON, ROBERTS and DREW, JJ., concur.