134 So.2d 810 (1961)
Henry URSO, alias Rico, and Albert Alonzo, Appellants,
v.
STATE of Florida, Appellee.
No. 2406.
District Court of Appeal of Florida. Second District.
November 1, 1961.
Rehearing Denied December 5, 1961.
*811 John D. Menas and Manuel M. Garcia, Tampa, for appellants.
Richard W. Ervin, Atty. Gen., and Robert R. Crittenden, Asst. Atty. Gen., for appellee.
WHITE, Judge.
The appellants were convicted of violating the State lottery laws and sentenced to three years' imprisonment. It is contended on appeal that the convictions were based upon evidence obtained through wrongful arrest and illegal search and seizure and that the judgment should be reversed.
Four police officers with a search warrant went to a multiple apartment building wherein the appellants occupied an apartment. Two of the officers searched apartment "D", an upstairs apartment designated in the search warrant. Apartment "D" was found vacant. The other officers were stationed in the yard of the building and saw the appellants emerge from apartment "C", a downstairs apartment. The appellants ran, but the officers overtook and arrested them and conducted them into apartment "C". The officers, after reading to the appellants the search *812 warrant with reference to apartment "D", proceeded to search apartment "C" and found certain lottery records, tickets and other paraphernalia.
On August 2, 1960 the appellants filed a praecipe for witness subpoena duces tecum "regarding affidavit and issuance of search warrant", and upon testimony taken at the hearing thereon the appellants were granted a ruling that anything seized under the search warrant would not be admissible in evidence. This ruling apparently was acceptable to the State. The State has contended, however, that the articles in question were rendered inadmissible only as to the defective search warrant and not with respect to a search and seizure incident to the arrest of the appellants.
On August 22, 1960 the appellants moved to suppress the evidence on the ground that the arrest was unlawful and that the evidence seized at the time of the arrest was without benefit of valid process. The court entered an order pursuant to this motion deferring ruling until the trial. At the trial the articles were admitted in evidence over the appellants' objections and renewal of their motion to suppress. There appears no specification of the basis of admission, but apparently it was grounded on the inferential finding that the search and seizure were properly incident to a valid arrest. The State contends that the record discloses that the appellants were validly arrested and that the law sanctions reasonable searches incident to valid arrests. The proposition of the law is correct, and the converse is also true. As stated in 29 Fla.Jur., Search and Seizure, Section 13:
"When a lawful arrest is being made, whether with or without a warrant, a reasonable search and seizure * * * properly incident to the arrest may be made by the officer. * * * But where the arrest is unlawful, the subsequent search is unlawful, and can not be made legal by the fruits it produces." (Emphasis added.)
Section 22 of the Declaration of Rights of the Florida Constitution, F.S.A. was designed to safeguard the people against unreasonable searches and seizures, whether pursuant to warrant or incident to arrest without warrant, and the extent to which the courts generally protect this right is reflected in the statement of Justice Thomas in De Lancy et al. v. City of Miami, Fla. 1950, 43 So.2d 856, 857, 14 A.L.R.2d 602:
"We are not unaware that guilty persons may go free where convincing evidence against them is held inadmissible because obtained by defective search warrants. But our paramount concern is for the guaranty in the organic law against unreasonable searches. We have spoken on this subject, too, in Cooper v. State, supra [106 Fla. 254, 143 So. 217], where we approved Judge Cooley's comment that `It is oftentimes better that crimes should go unpunished than that citizens should be liable to have their premises invaded * * *'."
It is both elementary and fundamental that the courts do not have rightful authority to withhold or deny individual rights guaranteed by organic law except in instances where such rights are waivable and clearly waived. See White v. State, Fla. 1950, 47 So.2d 863; Church v. State, 1942, 151 Fla. 24, 9 So.2d 164.
The question of whether an arrest is valid so as to support an incidental search is a mixed question of law and fact to be determined advisedly by the court. It is analogous to the question of "probable cause" in relation to search warrants. 29 Fla.Jur., Search and Seizure, Section 19. After the appellants challenged the validity of the arrest by motion to suppress before and during the trial, the burden was upon the State to show that the requirements of a valid *813 arrest had been met. As was suggested in Ippolito v. State, Fla. 1955, 80 So.2d 332, 334, "the arrest cannot justify the search and in turn the search justify the arrest". 29 Fla.Jur., Search and Seizure Section 13. We accordingly conclude that the rule that no presumption will be indulged in aid of the process by which an officer undertakes to justify the search of a domicile[1] extends also to cases where a search is sought to be justified as incident to an arrest.
The trial court in this case was confronted with a difficult question, but we think there was error in not requiring the State to establish by additional and more convincing evidence a clear legal basis for the arrest. In this connection it is again noted that the State accepted the implications of the earlier ruling that the validity of the search depended upon establishing the validity of the arrest. We are convinced that the statements of the officers to the effect that they knew the identity of the appellants and felt they had reasonable grounds for believing that the appellants had committed a felony were, without more, insufficient. We do not hold, however, that such grounds are not susceptible of proof. We nevertheless emphasize that it is not to be presumed that the foundation for a search warrant directed to apartment "D" was sufficient to generate a reasonable belief that a felony had been committed or was being committed by the appellants in apartment "C".
Section 901.15, F.S.A. provides in pertinent part as follows:
"A peace officer may without warrant arrest a person:
* * * * * *
"(3) When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it."
The judgments of conviction are reversed and the causes remanded for a new trial not inconsistent with the views and holdings herein set forth.
Reversed.
KANNER and SMITH, JJ., concur.
NOTES
[1] Hart v. State, 1925, 89 Fla. 202, 103 So. 633.