188 So.2d 388 (1966)
Arthur L. PAULA, Alias Art Russo, Appellant,
v.
STATE of Florida, Appellee.
No. 6447.
District Court of Appeal of Florida. Second District.
June 29, 1966.
Rehearing Denied July 20, 1966.
Thomas W. Perkins, of Edmund, Perkins, Kirkland & McDaniel, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
Appellant Arthur L. Paula was informed against in the Polk County Criminal Court of Record, charging him in the first count with driving an automobile without having a driver's license, and in the second and third counts with violations of the State lottery laws. The second count charged that he unlawfully conducted a lottery, a felony, while the third count charged possession of implements and devices for conducting the lottery, a misdemeanor. Upon trial before the Court without a jury, he was acquitted on the first count and convicted *389 on the second and third counts, resulting in a sentence of one year in the State Prison on the second count, and being placed on probation on the third count.
The evidence relied upon by the State at the trial consisted of certain articles and paraphernalia found and seized at the home of defendant as a result of a search made therein by deputy sheriffs pursuant to the authority of a search warrant issued by the County Judge for Polk County, Florida. The only contention made in this Court, as well as in the trial Court, is that the affidavit, upon which the search warrant was based and issued, was legally insufficient in its statement of facts to show probable cause. It is conceded that disposition of this case upon appeal rests upon a finding as to validity of the search warrant.
The affidavit for the warrant was made on December 11, 1964, before the County Judge by James C. Bowen, who for eight years had been a deputy sheriff in Polk County, in charge of the Vice Squad, and recited the following facts: that he had reason to believe and did believe that defendant was operating and conducting a lottery at a described location on Lake Bonny Drive in Lakeland, Florida, and had in his possession on said premises certain implements, tickets, books, machines and other paraphernalia commonly used in conducting and carrying on such lotteries, gambling and unlawful games of chance; that on November 1, 1964, the affiant had received information from a reliable and trustworthy informant, whose confidential information had previously proven to be true, that defendant was so engaged in the lottery business in Polk County, Florida, and had recently been "checking up his lottery operations", which information your affiant had verified from investigation; that on November 25, 1964 the affiant had received from the informer a large paper bag containing numerous lottery tickets and names of known lottery writers in Polk County, which had come from a house and outside receptacles at 1536 Arthur Boulevard in Lakeland, where defendant had been living until November 23, 1964; that on November 28, 1964, the affiant had followed a known lottery operator to the defendant's new premises on Lake Bonny Drive in Lakeland, where he saw a known lottery operator enter said building with a small package in his hand; that on December 5, 1964, the affiant had personally observed a known lottery operator drive up in the driveway of said premises and had seen the defendant come to the car and receive a small package from the said lottery operator and place such package "in the front of his trousers", the defendant then re-entering the building and the lottery operator leaving in his car; that such was one of the ways and methods that lottery tickets are transferred and transported.
Defendant filed motion to quash the search warrant and to suppress the evidence, which motion was heard before the trial, and upon sworn evidence taken thereon, was denied. At the trial the same evidence was adduced in somewhat more detail, resulting in the same ruling by the trial Court, which also found and adjudged defendant guilty on the lottery counts aforesaid.
Defendant contends generally that the affidavit for the search warrant is legally insufficient because it is based to some extent upon hearsay information received by the affiant deputy from another person or persons, thereby occupying the status of evidentiary facts which would not be admissible upon a trial in a Court of Law, citing in support thereof the lone case of De Lancy v. City of Miami, Fla. 1950, 43 So.2d 856, 14 A.L.R.2d 602.
The De Lancy case did in fact hold that "[a] search warrant may issue only upon evidence which would be competent in the trial of the offense before a jury * * * and would lead a man of prudence and caution to believe that the offense has been committed", citing as authority therefor the holding of the United States Supreme Court in Grau v. United States, 287 U.S. 124, 53 S.Ct. 38, 77 L.Ed. 212. But said quoted *390 pronouncement in De Lancy has been expressly receded from in the cases of Perez v. State, Fla. 1955, 81 So.2d 201, and Chacon v. State, Fla. 1957, 102 So.2d 578, it being observed that the U.S. Supreme Court had repudiated the holding in Grau in the case of Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. In Chacon, the new and revised rule is stated as follows:
"In the Perez decision we ourselves then proceeded to repudiate the rule of the Grau dicta. In order that the matter may be conclusively settled once and for all, we herewith announce again that the information forming the basis for a search warrant is not to be measured by its admissibility as evidence in the trial of the case. In other words, an officer may obtain information which would be adequate to support probable cause for the issuance of a search warrant even though if such information were subjected to the technical rules of evidence applicable to the trial of the cause, it would not be considered admissible."
The holding in Chacon, supra, has since been consistently followed by the Florida Courts: Harrington v. State, Fla.App. 1959, 110 So.2d 495; Griffith v. State, Fla.App. 1959, 111 So.2d 282; and State v. Hardy, Fla.App. 1959, 114 So.2d 344.
And as was said in Harrington v. State, supra, (text 497):
"The test is not whether the affiant should or should not rely on the information provided by the informer, but simply whether he did rely upon it and whether the circumstances stated by the affidavit are reasonably sufficient to warrant the conclusion that it is likely the law is being violated, not that the law actually has been violated or that as a result of the search it will necessarily be disclosed that a violation exists.
"It is well settled that an officer may rely upon information as adequate to support an affidavit for a search warrant, although such information might not be considered admissible at the trial under applicable rules of evidence. Chacon v. State, Fla., 102 So.2d 578."
"Probable cause" is the same, whether it is the basis of an affidavit for a search warrant or whether as the basis for a search without a warrant; and as to what qualifies as "probable cause" in either event has been aptly expressed by Judge Kanner of this Court in McCain v. State, Fla.App. 1963, 151 So.2d 841, as follows (text 844):
"In dealing with `probable cause' for search and seizure without a warrant, a court deals with probabilities which are not technical but which are factual and practical considerations of every day life upon which reasonable and prudent men act and not legal technicians. The essence of `probable cause' is a reasonable ground for belief of guilt; and the court in determining whether there was probable cause to make a search without a warrant must first determine sufficiency of knowledge by the searching officer by comparison to what a reasonable man, knowing all the facts which the searching officer knew, would have believed under all of the circumstances. Gispert v. State, Fla.App. 1960, 118 So.2d 596, cert. denied, Fla. 1960, 122 So.2d 782."
Measured by the above yardstick, the affidavit for the search warrant involved in the instant case falls well within the orbit described. Such being the only point raised on this appeal, it follows that the judgment and sentence appealed from is 
Affirmed.
ALLEN, C.J., and LILES, J., concur.