HOBSON, Judge.
Appellant was tried by jury and convicted on a charge of robbery in violation of Section 813.011, Florida Statutes, F.S.A.
On appeal appellant raises three points, one of which we consider to be meritorious. Approximately two months prior to trial Rouse filed an offer to exchange witness lists as provided by Rule 1.220(e), Fla.R.Cr.Pr., 33 F.S.A. In response the State filed a list of the witnesses it intended to call at trial and at a later date made an addition to this list. Nowhere on either list was found the name of one Marcel David. During the course of the trial Marcel David, a New Orleans police officer who had participated in appellant’s arrest in New Orleans, was called to testify over defendant’s objections. Specifically, Rouse maintained that had he known that David was going to testify he would have subpoenaed other officers who participated in his arrest in order to impeach David’s testimony. Although Rouse then offered the deposition of Officer Sachs of the New Orleans Police Department in order to impeach Officer David’s testimony the court refused the proffer and thereby left Rouse unable to attempt to impeach Officer David’s testimony.
If the State had included Officer David’s name on the witness lists it furnished appellant as it is required to do under our rules of criminal procedure, we would not now be compelled to remand for a new trial. In the most direct and unequivocal terms this court recently announced in Richardson v. State, 233 So.2d 868, 870 (2d D.C.A.Fla.1970) that:
“We would like to point out, however, that Rule 1.220(e) is mandatory in its direction that once the defendant chooses to set it into motion, the prosecuting attorney shall furnish the required witness list within the specified time. The Florida Rules of Criminal Procedure were promulgated with the intent that they would be complied with. We will in the future expect the State to comply with the Florida Rules of Criminal Procedure. The noncompliance thereof could very well require reversal or a new trial at the expense of the taxpayers which could be easily avoided by merely adhering to the rules.”
*226 The other two points on appeal have being carefully considered and found to be without merit.
The judgment of the lower court is vacated and the case is remanded for a new trial.
PIERCE, C. J., concurs.
McNULTY, J., concurs specially.