PER CURIAM.
The appellant was informed against, tried before the court without a jury, and found and adjudged guilty of conspiracy to commit a felony, to-wit: sale of heroin, in violation of § 833.04 Fla.Stat., F.S.A., and of unlawful possession of a narcotic drug, in violation of § 398.03 Fla.Stat., F.S.A. Two sentences of imprisonment for terms of five years were imposed, with provision for the sentences to run concurrently. The appellant contends the trial court erred in denying his motion to suppress certain evidence. On consideration thereof in the light of the record and briefs we find no reversible error has been shown.
Among the facts before the court in making such ruling were the following. The police received certain information from a motel clerk that a small packet of white powder had been found in a corridor on the first floor of the motel. The police went there to investigate, and determined the item was heroin. While the police were there, a man who was a guest in the motel checked out. In so doing he was observed to exhibit nervousness, and he stated he was going to New York that night. The police became aware thereof and were informed by the clerk that a number of long distance calls to New York had been made from the room occupied by that man. Approximately five minutes after the man had paid his motel bill and had returned to his room, the police gained from another source information that the packet of heroin found earlier, had come from room number SO, and that such room was the one occupied by the party who had just checked out.
The police went to room 50 and knocked on the door. The appellant opened the door. The officers identified themselves as such, and the appellant told them to come in. The officers informed the defendant of his Miranda rights and searched his suitcase. In a camera case within the man’s suitcase the officers found a package of white powder which they determined was heroin.
Appellant also informed the officers that the package found by them therein was a little more than a pound of 80% heroin. He was arrested for possession thereof.
*807 In opposition to the contention of the appellant that said search without a warrant was unlawful, the state argues, and we agree, that the search without a warrant was proper under the circumstances. On the information the officers had received, they had probable cause to believe that the occupant who was in the room was in possession of heroin. Coupled therewith was the exigent circumstance that the occupant was known to be about to depart therefrom with such contraband if so possessed. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Paula v. State, Fla.App.1966, 188 So.2d 388. Moreover, there was substantial competent evidence that the appellant consented to the search.
The appellant’s additional contention that his confession made following- his arrest should have been suppressed as being the fruit of an illegal search and seizure, likewise must be rejected in view of the conclusion here reached that the search and seizure was not unlawful.
Affirmed.