PER CURIAM.
The point presented on this appeal urges that the court erred in denying defendant’s motion to suppress evidence seized in the execution of a search warrant. It is argued that the affidavit in support of the search warrant was insufficient in that it failed to establish probable cause for the issuance of the warrant. The defendant was charged with possession of controlled substances (two counts: heroin and cocaine); unlawful possession of cannabis in an amount of more than five grams; intentionally receiving, retaining, disposing or aiding in the concealment of stolen property, well knowing the same to be stolen (nine counts). Upon the denial of his motion to suppress, the defendant pleaded nolo contendere and reserved the right to appeal the denial of his motion to suppress.
The affidavit for search warrant states the following as the reason for the affiant’s belief that the laws of the State of Florida were being violated: On the night of August 20,1976, affiant Harris in the company of other officers and an unnamed confidential informant went to the vicinity of 3164 New York Street at which time the confidential informant was searched and found to have no narcotics and no money on his person. He was given ten dollars “buy money.” Affiant Harris and the informant approached the house and affiant stopped outside while the confidential informant entered the house and stayed there for one to two minutes. The informant then exited and returned to the location of the other officers where the informant was again searched and found to be in possession of a packet of powder which tested to be heroin; the informant did not have the ten dollars. The document then stated:
“The informant then related to your affi-ant Harris, that inside the above-described house were three Black Males and one Black Female. One of the Black Males was Nathan Bates. The confidential informant stated that these four people were playing cards at a table on which there was a record album on top of which was what appeared to be narcotics. The informant said that he purchased the tinfoil packet from one of the Black Males for $10.00 (TEN DOLLARS).”
The thrust of appellant’s argument is that the affidavit for search warrant failed to establish sufficient probable cause for issuance of the search warrant because it is based entirely upon hearsay from an unidentified and untested confidential informant; that is, it did not disclose either underlying circumstances by which the informant concluded his information was accurate, or the underlying circumstances *130 from which the officer concluded that the informant was credible or his information was reliable, and that it failed to set forth sufficient corroborative circumstances by which the affiant could independently establish probable cause to believe that the defendant sold anything to anyone, had possession of any narcotics, or that there were narcotics on the defendant’s premises.
We conclude that the test to be applied is not the test of admissibility into evidence, but is whether a prudent man, knowing all the facts revealed by the affidavit, would conclude that there were narcotics in the premises sought to be searched. Perez v. State, 81 So.2d 201 (Fla.1955); State v. Lewis, 225 So.2d 170 (Fla. 2d DCA 1969); Paula v. State, 188 So.2d 388 (Fla. 2d DCA 1966).
The references to hearsay testimony may be eliminated and the affidavit is still sufficient to meet the test above quoted. Cf. State v. Gieseke, 328 So.2d 16 (Fla.1976).
Affirmed.