## STATE OF FLORIDA v. GRIFFITH
Case No. 81-184-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
August 20, 1982

Jim Smith, Attorney General and Alan T. Lipson, Asst. Attorney General, for appellant.

Arthur Huttoe, for appellee.

Before SCOTT, KOGAN AND GOLDMAN, J.J.

KOGAN, J.., DISSENTING

GOLDMAN, Judge

The State appeals from the trial court's dismissal of this case for failure of the State to comply with discovery. We reverse.

The Appellee, Gayle Griffith, was charged with driving while under the influence of alcoholic beverages. At her arraignment on April 22, 1981, the defense requested discovery pursuant to Fla. R. Crim. P. 3.220. The trial, originally set for May 18, 1981 was continued to June 4, 1981 due to the State's failure to supply discovery. When the case was called for trial on June 4, 1981, defense counsel complained that he still had not received discovery from the State. Upon inquiry, the Court found that the State had in fact filed discovery with the Clerk's Office on May 21, 1981 but the clerk had not placed it in the proper file folder until the morning. A certificate of service showed that discovery had been mailed to the defense counsel on May 20, 1981. Defense counsel swore under oath that he had not received discovery. The trial court dismissed the case, finding that the defendant had unduly prejudiced by having to fly from Ohio to Florida twice for trial. The State contends that the trial court abused its discretion in dismissing the case as a sanction for failure to comply with discovery. Under Fla. R. Crim. P. 3.220 (j), a trial court has discretion to impose such a sanction.[1] *State v.*

---

[1] Fla. R. Crim. P. 3.220 (j) (1) provides:

> If, at any time during the course of the proceedings, it is brought to the attention of the Court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the Court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.

*Oliver*, 322 So.2d 638 (Fla. 3d DCB 1975); *Sheridan v. State*, 258 So.2d 43 (Fla. 4th DCB 1971). It has been recognized, however, that dismissal for a discovery violation is an extreme sanction that should only be utilized when there is no other viable alternative. *State v. McGregor*, 7 Fla. L. Wkly. 351 (Fla. 4th DCB Feb. 3, 1982); *State v. Lowe*, 398 So.2d 963 (Fla. 4th DCB 1981); *State v. Perez*, 383 So.2d 923 (Fla. 2d DCA 1980).

Before a sanction for a discovery violation is imposed, the Court should make careful inquiry into whether the State's discovery violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect, if any, it had upon the ability of the defendant to properly prepare for trial. *Richardson v. State*, 246 So.2d 771 (Fla 1971); *State v. Bowers*, 7 Fla. L. Wkly. 1203 (Fla. 2d DCB June 2, 1982); *State v. King*, 372 So.2d 1126 (Fla. 2d DCA 1979), *cert. denied*, 385 So.2d 758 (Fla. 1980).

Here, there is no evidence that the State willfully or substantially violated the trial court's discovery order. Just three days after this order, the State filed discovery with the clerk's office. It was the fault of the clerk's office, and not the state attorney, that discovery was not placed in the case file until the morning of trial. Similarly, the certificate of service confirms that discovery was *served* upon the defense counsel even though he stated he did not receive it.[2] Should the State's actions constitute a violation, that violation would at most be trivial and inadvertent, and not the proper object of the sanction of dismissal.[3]

The only prejudice mentioned in the record is the inconvenience the defendant suffered in flying back and forth from Ohio to Florida for trial. We disagree with the trial court that this fact alone justifies the extreme sanction of dismissal. Any prejudice to the defendant could have been avoided by the defense counsel. When he did not receive discovery from the state, he could have taken some affirmative action before the day of the trial. By phoning the State Attorney's Office or making a motion to compel discovery, the defense attorney could have avoided the inconvenience and expense of a needless plane trip for his client.

Finally, the trial court could have imposed lesser sanctions than dismissal to remedy any prejudice to the defendant. A more appropriate

---

[2]Fla. R. Crim. P. 3.030 (b).

[3]Dismissal of the prosecution is manifestly inappropriate where the State has done nothing which called for any judicially imposed sanction. *State v. Mesa*, 395 So. 2d 242 (Fla. 3d DCA 1981).

sanction would have been the continuance of the trial for a period of time sufficient to allow the defendant to obtain discovery and prepare for trial. The trial court could also have assessed the State for the costs of defendant's hotel and meals during a brief stay in Miami pending trial. Instead of utilizing a less onerous sanction, the trial court exercised the ultimate sanction and dismissed the case. We think in doing so it abused its discretion.

We therefore reserve the order of dismissal and remand the case to the trial court.

REVERSED AND REMANDED.