## GUTIERREZ v STATE OF FLORIDA
### Case No. 85-124 AC (County Court Case No. 79155 MK)
Eleventh Judicial Circuit, Appellate Division, Dade County
January 21, 1987

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **N. Joseph Durant, Jr.,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, and **Michele L. Crawford,** Assistant Attorney General, for appellee.

Before TENDRICH, FEDER, SHAPIRO, JJ.

### OPINION OF THE COURT

SIDNEY SHAPIRO, Judge.

The opinion filed in this case on December 31, 1986, is withdrawn and the following opinion substituted.

Appellant, GUTIERREZ, appeals from his conviction and sentence in the lower Court. He raises two issues for review, only one of which is necessary to consider. He contends the trial Court committed error

in limiting defense counsel to three minutes for closing argument. We concur.

Article 1, § 16 of the Constitution of the State of Florida provides, in part, that:

". . . [The] accused shall . . . have the right . . . to be heard in person, by counsel or both. . . ."

As stated by the Florida Supreme Court in *Cooper v. State*, 106 Fla. 254, 143 S.Ct. 217, 218 (1932):

"To arbitrarily limit counsel for defendant who is on trial, charged with a criminal offense, to the space of five minutes in which to present the defendant's case to the jury, is upon its face an abuse of discretion, and amounts to denying the defendant the benefit of counsel in violation of the Declaration of Rights."

The State contends that no harm befell Appellant in that the Judge allowed defense counsel to continue beyond the allotted three minutes and, in fact, allowed seven. We do not agree.

The chilling effect created on the young public defender by the authority of the Court could only be said to deprive Appellant of his constitutional right to effective counsel. Certainly, a Court can reasonably limit the time allowed for closing argument; however, to arbitrarily limit counsel to three minutes, then extend it to seven, denies that counsel's client a fundamental right to be properly represented. For that reason alone, the conviction and sentence of the trial Court must be vacated and reversed and the matter remanded for new trial.

It is so Ordered.