## MILLER v STATE OF FLORIDA

Case No. 86-119 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

July 2,1987

### APPEARANCES OF COUNSEL

**David R. Friedman** for appellant.

**Robert A. Butterworth,** Attorney General, and **Nancy C. Wear,** Assistant Attorney General, for appellee.

Before BARAD, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

Appellant contends his conviction and judgment should be reversed. He raises two points in support of his position. First, he contends the limitation of time for final argument was an abuse of discretion by the trial Court. He next contends that the admission of the Defendant's

refusal to submit to the chemical breath and field sobriety tests violated his privilege against self-incrimination. Since we agree with Appellant's first point, we need not deal with his second.

As stated by the Florida Supreme Court in *Cooper v. State*, 106 Fla. 254, 132 So. 217, 218 (1932):

> To arbitrarily limit counsel for defendant who is on trial, charged with a criminal offense, to the space of five minutes in which to present the defendant's case to the jury, is upon its face an abuse of discretion, and amounts to denying the defendant the benefit of counsel in violation of the declaration of rights.

The State contends, as it did in *Gutierrez v. State*, 22 Fla. Supp.2d — (11th Jud. Cir., App. Div. 1987) that no harm befell Appellant in that the Judge allowed defense counsel to continue beyond the allotted time. We do not agree.

When one is faced with the loss of one's liberty, a Court cannot deprive that person of the opportunity to be heard in person, by counsel or both. While a limitation on time would be proper, it is fundamental that five minutes is too severe a limitation. It effectively denies a Defendant the proper representation.

The conviction and sentence of the trial Court is vacated and the matter remanded for a new trial.

It is so Ordered.