## Chambers *against* Bedell.

One whose chattel has been wrongfully taken from him may enter upon the land of the taker, for the purpose of retaking it, without subjecting himself to even nominal damages as a trespasser.

A judgment will not be reversed because of a wrong direction to the jury upon a point which became immaterial in consequence of a right direction upon another point which was fatal to the whole defence.

ERROR to the District Court of *Allegheny* county.

Andrew Bedell against William Chambers and others. This was an action of trespass *quare clausum fregit*, in which the defendant pleaded not guilty.

The parties were owners of adjoining tracts of land, and disputed about their partition line. The plaintiff cut a quantity of rails upon the land in dispute, and hauled them to another part of his land, which was not in dispute. The defendant went there in the night and hauled the rails away, for which this action of trespass was brought.

It appeared clearly on the trial that the land where the rails were cut belonged to the plaintiff. The court below, in answer to a point put by the defendants, instructed the jury, that whether the land belonged to the plaintiff or not, he was at least entitled to recover nominal damages; but that the evidence clearly and conclusively established the plaintiff's title, and he was therefore entitled to recover the value of the property taken in damages.

*M'Candless,* for plaintiff in error, contended that the court erred in their instruction that the defendant was a trespasser in entering upon the land of the plaintiff to retake his own property, wrongfully put there by the plaintiff, and cited 2 *Chit. Blac.* 5; *Hale's Com. Law* 96; 1 *Dane's Dig.* 135; *Cro. Eliz.* 246.

[Chambers v. Bedell.]

*Van Amringe, contra,* on the same point, argued that the defendant could only take advantage of his defence by pleading it specially.

PER CURIAM.—It is certain, that if the chattel of one man be put upon the land of another by the fault of the owner of the chattel, and not by the fault or with the connivance of the owner of the land, the owner of the chattel cannot enter to retake it; but that if it be put there without the fault or consent of either party, the owner of the chattel may enter and take it peaceably, after demand and refusal of permission, repairing, however, any damage which may be occasioned by his entry. So, also, where the parties are in equal default, for instance, by omitting to repair a partition fence, by reason of which the cattle of the one happens to stray into the close of the other. But all the books agree, that where a chattel escapes from the possession of its owner by his consent, exclusive negligence, or other default, he cannot pursue it into the close of another, without becoming a trespasser by his entry; but that he may lawfully enter and retake his property, where it has been wrongfully taken or received by the owner of the land. Now, if the property in the rails in question had been in the defendant, the plaintiff who had piled them on his land, could not have recovered even nominal damages for the defendant's entry to remove them; and in this respect the direction would have been wrong. But it was in clear and uncontradicted proof, that the defendant, Chambers, had not even a colourable title to the land where the rails were grown and made, and consequently not even a colourable title to enter on the plaintiff's land in order to carry them away; and the inaccuracy of the charge, in this abstract particular, was therefore immaterial.

Judgment affirmed.