**MARTIN et al. v. UNITED STATES.**
No. 11556.

Circuit Court of Appeals, Fifth Circuit.
May 23, 1946.

Emory Akerman, of Orlando, Fla., for appellants.

H. S. Phillips, U. S. Atty., and Joseph E. Gillen, Asst. U. S. Atty., both of Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

The appellants, Jerry Martin and Jack Johnson, were each sentenced to serve three years in the federal penitentiary after conviction upon an indictment charging them with the possession, on March 9, 1945, of 45 gallons of distilled liquors in 5-gallon containers without having affixed thereto internal revenue stamps, in violation of 26 U.S.C.A. Int.Rev.Code, § 2803 (a). On the date of, but prior to, the trial appellant Jerry Martin filed a motion for severance, and appellant Jack Johnson filed a motion to suppress the evidence. The court denied the motion for severance and by consent reserved ruling on the motion to suppress until the evidence was heard on trial. At the close of the Government's case the motion to suppress was denied.

The questions presented here are:

(1) Was the search of the house and the seizure of the 45 gallons of liquors, on which the tax was unpaid, in violation of the Fourth Amendment of the United States Constitution?

(2) Did the court err in admitting in evidence the written statements of the appellants? And

(3) Did the court err in denying the motion for severance?

The facts leading to the arrest and the subsequent trial and conviction of the appellants were these: Suspecting or learning that Jack Johnson had informed the chief of police of the city of Sanford, Florida, of some of his questionable activities, Jerry Martin told the officer that Jack Johnson was in the liquor business and was storing his liquors in a designated house or shack in that city. Early in the evening of March 9, 1945, Jerry told the chief Jack was out of the city. The chief in the meantime passed on his information to the investigator for the United States Alcohol Tax Unit and to the supervisor of the State Beverage Department. Shortly after meeting Jerry and learning that Jack was out of the city, the three officers went to the shack to look the premises over so that they would be prepared to act upon Jack's resumption of his liquor business. Upon seeing the lights of an approaching car they hid behind the shack. The car was driven up to the porch and Jack and Jerry got out and entered the house. Almost immediately, they began an argument as to the number of full jars: Jack was positive there should be eleven; Jerry, nine; and as they argued, they struck matches and examined and counted the jugs. The officers watched through large cracks and listened to the argument as the counting proceeded. Finally, the count concluded, Jerry picked up a jug and the two men proceeded to the car, where Jerry opened a door apparently with the intention of placing the jug in the car. When the light from another car suddenly illu-

minated the scene, Jerry quickly set the jug on the front bumper of the car in which he and Jack had come, eased it to the ground, rolled it under the car, and walked around the house out of the light and into the arms of the officers, who placed him under arrest. Jack walked away in the direction of the street or road, and the officers pursued, overtook, and arrested him. The jug under the car was found to contain tax-unpaid whiskey. A key found on Jack's person unlocked the door to the house, and therein the officers found eight more full jugs of tax-unpaid whiskey, over a hundred empty jugs, and a large barrel containing tax-unpaid whiskey.

Appellants argue that the search of the house and the seizure of the whiskey were illegal because the officers had no search warrant and admittedly did not know before seizure that the jugs contained tax-unpaid whiskey. We do not agree.

The Fourth Amendment secured the people against not all, but only unreasonable searches and seizures of their persons, houses, papers, and effects. Enclosed or unenclosed[1] grounds or open fields around their houses are not included in the prohibition. Hence, the examination by the officers without a search warrant of the 5-gallon jug left on the ground under appellants' car was not in violation of the Amendment. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898. The contents of the jug under the car made more certain that the jugs in the house contained tax-unpaid whiskey. The arrest, the search, and the seizure were all one transaction. From the facts and circumstances the officers were justified in the belief that a crime was being committed. When an officer is apprised by his senses that a crime is being committed in his presence, he may arrest and search and seize without a warrant.[2]

The objections to the admission of appellants' written confessions were: (1) There was no proof of the corpus de-

licti if the evidence of the officers were excluded, and (2) each confession was taken before appellants were brought before the United States Commissioner. Our ruling that the testimony of the officers was properly received disposes of the first objection, and evidence that appellants were brought before the Commissioner the morning following their arrest we think disposes of the charge of undue delay.

Jerry Martin bases his right to severance on the ground that he acted throughout as an informant and that his defense was, therefore, antagonistic to that of Jack Johnson. The granting of severance was discretionary with the trial judge, and, since we do not find that discretion to have been abused, the action is not reviewable. The defense that he acted as an informant was a question for the jury.

No prejudicial error appearing, the judgments appealed from are

Affirmed.

---

[1] The premises here were unenclosed.

[2] McBride v. United States, 5 Cir., 284 F. 416; Ferracane v. United States, 7 Cir., 47 F.2d 677; Vachina v. United States, 9 Cir., 283 F. 35; United States v. Snyder, D.C., 278 F. 650; Garske v. United States, 8 Cir., 1 F.2d 620; Catagrone v. United States, 8 Cir., 63 F.2d 931.