**UNITED STATES of America,
Plaintiff,**

v.

**Harvy CLANCY and Wayne Hoover,
Defendants.**

**Crim. A. No. 4108.**

United States District Court
S. D. Mississippi,
Jackson Division.

May 31, 1968.

---

7. See the dissenting opinion in Bradley v. Commissioner, 39 T.C. 652 (1963), aff'd, 324 F.2d 610 (4th Cir. 1963).

Robert E. Hauberg, U. S. Atty., Jackson, Miss., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff.

H. A. Courtney, John R. Poole, Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

These defendants are indicted on a moonshine liquor charge. There is before the Court a motion to suppress the evidence and quash the indictment under the provisions of the Fourth and Fifth Amendments to the Constitution of the United States. These constitutional questions arise by reason of the fact that the ATU officials of the government found a large distillery in an abandoned house and a large vat of mash ready for distilling on a forty acre tract of land under lease to Hoover. This structure cannot be classified as a dwelling which was temporarily unoccupied as was the situation in Steeber v. United States (10 Cir.), 198 F.2d 615, 33 A.L.R.2d 1425.

The only improvements on this forty acre tract was what was once a dwelling. The entire front roof portion had caved in. There were no windows or doors to the house except an improvised closure in the back portion where this large still was in operation on dirt where there was no floor. The floors were rotted out. One entire side of the house had fallen in. The house was entirely and completely unhabitable by any human being and that condition had prevailed for so long that the premises had grown up in high weeds.

 These officers were informed by the Sheriff of Hinds County that they smelled whiskey being distilled on these premises. These federal officials went to the area and smelled the odor of mash being processed for the distillery. They went back on a later date at an early hour and remained on the premises until midmorning when the defendants appeared. There was a "No Hunting" sign posted on the gate to the premises. These officers thus entered these premises in this built-up rural area without a warrant and made the arrests on which the indictment was predicated and in which the evidence discovered on which the defendants are to be tried. The question thus presented is as to whether or not under such circumstances the defendants have been subjected to an unreasonable search and seizure in violation of the Fourth Amendment and as to whether they have been required in effect to testify against themselves in violation of the Fifth Amendment. Both questions must be answered in the negative. These arrests were not made after any alleged unreasonable search, but in furtherance of an unmistakable odor of mash wafted into their nostrils by the breezes which led them to the commission of a crime in their presence.[1] It is well settled that a trespass upon the grounds surrounding the building does not constitute an illegal search. The protection of the Fourth Amendment does not extend to the grounds.[2] The universal rule is that the protection accorded by the Fourth Amendment to the people in their persons and houses is not extended to the open fields. It is said that the distinction between the latter and the house is as old as the common law.[3] The structure in this case which was once a dwelling had long since been completely abandoned. It was not fit for or subject to human habitation. The acts of these federal officers under such circumstances in entering these enclosed premises without a search warrant was not in violation of any such vested right of these defendants.[4] There was a seizure in that case of a distillery in a stable. No one was living on the premises at the time. The officers were attracted to the scene by their sense of smell and found a crime in progress and arrested the offenders and

1. Martin v. United States (5 Cir.), 155 F.2d 503.

2. Monnette v. United States (5 Cir.), 299 F.2d 847.

3. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898.

4. McBride v. United States (5 Cir.), 284 F. 416.

testified as to what they found. That case has not been disturbed and has often been cited in support of the identical situation here as controlling.

It is, accordingly, the view of the Court that said motions are without merit and will be overruled. An order accordingly may be presented.