HOBSON, Judge.
Appellant Cobb was tried on the charge of first degree murder and the jury returned a verdict of guilty of murder in the third degree. Appellant appeals the judgment and sentence entered against him on the jury verdict of guilty of murder in the third degree.
Appellant’s first point on appeal involves the question of an illegal search and seizure arising out of the following factual situation.
The appellant was apprehended in Leon County, Florida on September 17, 1966. On the following day the Hillsborough County authorities returned the appellant to the Hillsborough County Jail. While he was in custody and charged with first degree murder and having requested to speak to his brother and an attorney prior to making any statements, Lt. Cooper of the Hillsborough County Sheriff’s Office procured a “Consent to Search and Waiver of Search Warrant” wherein he consented to a search of the premises located at 7434 South 34th Avenue, Tampa, Florida, said property being owned by the appellant. On the following day three deputy sheriffs searched the premises designated in the consent, where several items were seized and removed from the premises.
Eleven days after the initial search and on the authority of the heretofore mentioned “Consent to Search” the county authorities again returned to the property described in the consent and a white pocketbook with its contents was found in some high weeds on the property line of the appellant’s property.
The items found on the initial search were not introduced into evidence; however, the pocketbook and its contents were introduced as evidence over the objection of the defendant.
The appellant contends that the “Consent to Search and Waiver of Search Warrant” procured from the appellant was invalid as it was not voluntarily given. Also that if it were valid the eleven-day delay between its procurement and the second search was not within a reasonable time and not a continuing search but was independent of the first search and therefore outside of the authority given in the “Consent to Search.”
This factual situation presents some interesting points of law under the law of searches and seizures; however, it is not necessary in this instance to rule on these questions.
Section 22 of the Declaration of Rights of the Florida Constitution, F.S.A., and the Fourth Amendment to the Constitution of the United States of America are identical and read as follows:
“Section 22. Searches and Seizures.— The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated and no warrants issued, but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be *494 searched and the person or persons, and thing or things to be seized.”
The right given under the Constitution of the United States and the State of Florida is the right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches. It has been held that the protection afforded the people against unreasonable searches and seizures does not extend to the grounds of the property even though the searching authority is a trespasser.
Even assuming that the consent to search given by the appellant was involuntary and therefore invalid and that the officer who searched the grounds and located the pocketbook was a trespasser, the pocketbook and its contents was not the result of an illegal search. In Martin v. United States, 5 Cir., 1946, 155 F.2d 503, at page 505 it was held:
“The Fourth Amendment secured the people against not all, but only unreasonable searches and seizures of their persons, houses, papers, and effects. Enclosed or unenclosed[1] grounds or open fields around their houses are not included in the prohibition. Hence, the examination by the officers, without a search warrant of the 5-gallon jug left on the ground under appellants’ car was not in violation of the Amendment. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898.
In Monnette v. United States, 1962, 299 F.2d 847, our Fifth Circuit Court of Appeals held that even if the searching authority was a trespasser upon the grounds surrounding a building this does not constitute an illegal search. In Monnette, supra, at page 850 it states as follows:
“ * * * It is argued that Agent Hillidge detected the mash odor only after an illegal search and the facts learned through an illegal search cannot justify the issuance of a valid search warrant. Agent Hillidge did go on the property of Mon-nette before he could definitely identify the mash odor. It is well settled, however, that a trespass upon the grounds surrounding a building does not constitute an illegal search. The protection of the Fourth Amendment does not extend to the grounds. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Martin v. United States, 155 F.2d 503 (5 C.A.1946).”
It therefore follows that the trial court was correct in admitting the pocket book and its contents into evidence.
The appellant’s second point on appeal urges that the trial court committed reversible error when it charged the jury on the felony-murder doctrine. Florida Statutes, § 782.04, F.S.A.
The indictment charged an unlawful homicide with a premeditated design. The court charged the jury in part as follows:
“ * * * [T]he State is permitted to prove either a killing by premeditation, or a killing occurring in the attempt to perpetrate a rape. The State may prove both killing by premeditation, or killing occurring in the attempt to perpetrate a rape without premeditation to kill. Either case constitutes murder in the first degree under Florida law.”
The appellant contends that there was no evidence as to a perpetration of rape or attempted rape of the victim; therefore, the giving of the charge quoted above is reversible error.
In view of the fact that the appellant was convicted of third degree murder, any error (assuming that there was error) in the charge on the higher degree of offense than that of which he was convicted is immaterial and no error can be predicated thereon.
In Vickery v. State, 1905, 50 Fla. 144, 38 So. 907, at pp. 908-909, it was held:
“It is contended that ‘the court erred in charging the jury in regard to prin *495 cipals in the second degree, when there was no evidence upon which to hypothesize such a charge.’ As the jury returned a verdict of manslaughter, the correctness of a charge on the subject of murder in the first degree is immaterial, and no error can be predicated thereon. Mathis v. State, 45 Fla. 46, 34 So. 287.” See also Day v. State, 1907, 54 Fla. 25, 44 So. 715.
The remaining assignments of error and points on appeal have been considered and found to be without merit.
For the foregoing reasons the judgment and sentence appealed is affirmed.
LILES, C. J., and ALLEN, J., concur.

“1. The premises here were unenclosed.”