256 So.2d 27 (1971)
Robert FIXEL, Appellant,
v.
STATE of Florida, Appellee.
No. 71-219.
District Court of Appeal of Florida, Third District.
December 7, 1971.
Rehearing Denied January 21, 1972.
*28 Fleet & Stone and Jerome M. Rosenblum, Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
The appellant was found guilty by a jury of the crime of possession of heroin. He was adjudicated and sentenced to the state prison for two and one-half years. On this appeal the single contention is that the court erred in failing to sustain appellant's motion to suppress the evidence seized at the time of the arrest.
Police officers of the City of Key West observed appellant's apartment because of a suspicion that he was a supplier of heroin to pushers. They observed the entry and departure of known narcotics pushers to and from appellant's apartment. In addition, they observed that during these visits appellant went to a cache in his backyard where each time he took a package into the house. The police received information from an informer that a large quantity of narcotics was in appellant's apartment. A search warrant for the apartment was secured. Returning to the premises with the warrant, the police officers arrested the appellant, picked up the cache which they had observed and at the same time executed their search warrant but found no narcotics in the apartment.
The question thus presented is whether or not the police had probable cause to arrest the appellant and to pick up what they believed to be an observed deposit of contraband. Appellant relies upon Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) for reversal. In the cited case, the United States Supreme Court reversed a conviction where the evidence was obtained upon an invalid search warrant. The state attempted to justify the admission of the evidence upon the theory that it had been taken incident to arrest. The undisputed facts were that the evidence had been obtained only after the seizure of appellant's automobile which was parked in the driveway and the vacuuming of the interior in order to produce minute quantities of particles which matched particles taken from the clothes of the victim. The evidence was not obtained until after the automobile was vacuumed. The first vacuuming occurred on Feb. 21, 1964, two days after the arrest of Coolidge, a second vacuuming took place a year later in January 1965, and a third in April 1965. The holding in Coolidge v. New Hampshire, supra, does not require a reversal in this case inasmuch as that opinion recognizes that not every seizure of evidence which is not supported by a warrant is unconstitutional. *29 The opinion expressly limits the holding of the case as follows:
"The initial intrusion may, of course, be legitimated not by a warrant but by one of the exceptions to the warrant requirement, such as hot pursuit or search incident to lawful arrest. But to extend the scope of such an intrusion to the seizure of objects  not contraband nor stolen nor dangerous in themselves  which the police know in advance they will find in plain view and intend to seize, would fly in the face of the basic rule that no amount of probable cause can justify a warrantless seizure." [Emphasis supplied] 403 U.S. 465, 91 S.Ct. 2040, 29 L.Ed.2d 586.
In the case before us the distinguishing facts are: (1) the initial intrusion was legitimate because the police had observed the commission of a crime, i.e., the sale of heroin to known pushers. Therefore, there was probable cause to enter on the premises and arrest the defendant; (2) a search was not necessary because the police observed the replacement of the heroin; (3) heroin is contraband and is a dangerous substance. It is important to note that we are not dealing with an unlawful entry into a dwelling in order to procure evidence of a crime but with an alleged trespass on to land in order to recover contraband.[1] The seizure was, we think, incident to the lawful arrest. Cf. Cobb v. State, Fla.App. 1968, 213 So.2d 492; Phillips v. State, Fla. App. 1965, 177 So.2d 243.
In Poole v. State, Fla.App. 1971, 247 So.2d 443, the court of appeal pointed out:
* * * * * *
"The constitutional guarantee embodied in the Fourth Amendment to the United States Constitution which appellant seeks to raise as a shield against his conviction does not prohibit all searches made by a law enforcement officer without a warrant, but only searches which are considered under the facts of a given case to be unreasonable in a constitutional sense."
* * * * * *
Affirmed.
NOTES
[1] Compare F.S.A. § 933.18 with F.S.A. § 933.06.