283 So.2d 73 (1973)
STATE of Florida, Appellant,
v.
Paul S. OLDACK, Appellee.
STATE of Florida, Appellant,
v.
David L. OLDACK, Appellee.
STATE of Florida, Appellant,
v.
Spencer D. BAXTER, Appellee.
STATE of Florida, Appellant,
v.
Richard A. BAXTER, Appellee.
Nos. 72-97 through 72-104, 72-105 through 72-112, 72-113 through 72-120, and 72-121 through 72-128.
District Court of Appeal of Florida, Second District.
June 27, 1973.
On Rehearing August 24, 1973.
*74 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellee, Paul S. Oldack.
Robert A. Douglass, Brown, Watson & Goldstein, St. Petersburg, for appellee, Richard A. Baxter.
MANN, Chief Judge.
Dr. Norton and another owned Cypress Lodge, on Lake Tarpon. Several of its cabins were broken into and much of the property was taken to a house rented by one of the appellees. Several boats marked "Cypress Lodge" were in the yard, hidden from the view of passersby by a fence. Other items were inside the house. A search warrant was obtained on an affidavit which alleged that the affiant had "received information from a confidential informant whom he has previously relied upon, and whose information has proven to be trustworthy, that he with other deputy sheriffs of this County have received information from a confidential informant that" the stolen property was concealed at the described house. Evidence seized upon the warrant was suppressed.
So far there is such a clear failure to meet the standards of Aguilar v. Texas[1] and Spinelli v. United States[2] that the trial judge's finding of insufficiency in this paragraph of the affidavit is clearly warranted.
We may also summarily treat the suggestion that the warrant, which included a precise description of the property to be searched, is invalid because the affidavit seeking it ended in a prayer for a warrant commanding the sheriff to "search the herein described Cypress Lodge and seize" the evidence. It is clear from a reading of the affidavit that Cypress Lodge is the place from which the goods were stolen, and there is no doubt as to the premises to be searched. Further, this must have been clear to the judge who issued the warrant, because this surplus language of the affidavit is omitted from the warrant. This argument is without merit.
The affidavit also contained the averment that Dr. Norton, owner of Cypress Lodge, had viewed the premises and identified the property as that stolen from his place. This averment saves what would otherwise be an insufficient affidavit, much as that in State v. Smith[3] was rescued from the vice of careless, conclusory, inadequately supported hearsay allegations. In the trial court the question was not fully *75 argued, nor is it here. The learned trial judge was led into the discussion of whether Dr. Norton had an "open view," another of those familiar phrases which so often are substituted for careful analysis and competent legal advice in the preparation of affidavits for search warrants. The cases cited[4] deal with the question whether a police officer was a trespasser at the place where the seized evidence came into view.
It may not matter. Dr. Norton was the owner of the stolen property, and it had been taken upon the land of another without his fault. As the Restatement[5] says, "One is privileged to enter land in the possession of another, at a reasonable time and in a reasonable manner, for the purpose of removing a chattel to the immediate possession of which the actor is entitled, and which has come upon the land otherwise than with the actor's consent or by his tortious conduct or contributory negligence." The comment on this section goes on to state that a demand is ordinarily necessary, but "If, however, it appears that such a demand would be futile, or that the delay which it would necessitate would subject the chattel to a danger of serious harm, entry without demand may be reasonable." We think Dr. Norton's entry without demand, for the purpose of identifying his property, without entering the house, is arguably reasonable, thus requiring application of the rule in this instance. At the time he viewed his property on the defendants' premises, Dr. Norton would seem to be no trespasser.[6]
The prosecution persisted in arguing the validity of the search on the untenable basis of the confidential informant's contribution to the affidavit's contents and the tenuous argument that the boats in the yard were in plain view. It is not surprising that the trial judge, given no argument of law on the only theory which sustains the search, ruled as he did. Because the legal right of Dr. Norton to be where he was and to see what he saw was not argued in either the trial court or this one, and because the Restatement principle is not specifically adopted in Florida law, we remand for further proceedings at which the parties may adduce authority in support of or tending to disprove the legal basis for the search which to us seems pertinent. Our own research leads to the conclusion that one may lawfully enter another's property to reclaim his own property wrongfully taken there. The question to be considered on remand is whether there is not also a right to go upon the property for the purpose of verifying the location of the stolen property. This seems to us a logical extension of the general rule. We do afford the opportunity for argument in the trial court because what appears to us to be the dispositive question of law was not perceived or argued. The order is
Vacated and remanded for further proceedings.
PIERCE (Ret.), J., concurs.
LILES, J., dissents, with opinion.
LILES, Judge (dissenting):
I would respectfully dissent and reverse the trial judge's order supressing the evidence obtained by the search warrant.
*76 The search warrant is based on an affidavit made by Deputy Sheriff Jim Brady. The affidavit recited the usual beliefs and relied upon a confidential informant who had been previously relied upon and who had proven trustworthy. In addition, it recited the fact that Dr. James O. Norton, owner of Cypress Lodge (from which the evidence was stolen), had given Deputy Brady information that the evidence was located on the premises to be searched.
The affidavit must be viewed in its totality and from that view I believe the defects contained in the warrants in Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, have been cured in this case. As was pointed out in those cases, there must be in the affidavit circumstances upon which the issuing magistrate can make an independent determination. The information may be hearsay. It need not reflect the personal observation of the affiant but it must contain underlying circumstances from which the magistrate may issue the warrant. This affidavit contains even more  the direct testimony of Dr. Norton.
To what extent the trial judge may go behind the affidavit in determining how the information was obtained has never been completely resolved. In United States v. Evans, D.C.E.D.Tenn. 1951, 97 F. Supp. 95, that court indicated that the sufficiency of a search warrant is to be determined solely with reference to the warrant and supporting affidavit which would indicate that whether or not the information was obtained by a trespasser is immaterial.
In the warrant itself a scrivener's error recited that "Cypress Lodge" was to be searched. However, this is simply a scrivener's error and does not render the warrant void for the reason that in the main body of the warrant there is described the premises to be searched in language that would lead the searchers unerringly to the premises to be searched. State v. Lemon, Fla.App. 1968, 212 So.2d 322, 323.
I would reverse on the authority of State v. Lewis, Fla.App. 1969, 225 So.2d 170.

ON PETITION FOR REHEARING
PER CURIAM.
The petition for rehearing is granted and the order appealed from is reversed with directions to deny the motion to suppress for reasons stated in the opinion of Liles, J., supra.
LILES and BOARDMAN, JJ., concur.
MANN, C.J., concurs in the result, with opinion.
MANN, Chief Judge (concurring in the result).
The State's petition for rehearing suggests that the grounds on which we held, in our original opinion, the search warrant may have been well supported were considered and upheld by the trial judge at earlier hearings. I now find this to be correct. The record bears out two occasions on which the trial judge denied motions by separate defendants, and on a third occasion Oldack's attorney said that he wanted "to attack the search warrant and affidavit and the subsequent search on new grounds other than what were argued before the Court." Other counsel renewed prior motions, and the hearing then proceeded to consider misdescription in the affidavit, the adequacy under Aguilar and Spinelli of the assertion of reliability of the confidential informant, and the informant's knowledge of the location of the property.
*77 It therefore appears to me that the trial judge did properly apply the law that one may lawfully enter the property of another to recover stolen property, which we here apply to his entry to verify its location. We were correct in reversing because the insufficient allegations of the affidavit, if accompanied by sufficient allegations of Dr. Norton's verification, should have been treated as surplusage. See Annotation, 10 A.L.R.3d 359 at 365.
We therefore properly recede from the mandate for further proceedings, and grant the petition for rehearing, reverse and remand for entry of an order denying the motions to suppress. I would caution against reading into this case a holding that an affidavit based solely on information from a confidential informant can be sustained with nothing more than is told here about his reliability. This court completely lacks the power to overrule Spinelli, Aguilar or any other decision of the Supreme Court of the United States.
There is an important balancing of interests involved in the issuance of search warrants on the basis of confidential information. The police must, to perform effectively, rely on information from many persons whose identity should not be disclosed. To do so would expose them to harm, and assurances of confidentiality must precede, in many cases, receipt of information necessary in the suppression of crime. But there is too great a likelihood that a non-existent confidential informant might be described as the source of information if some balancing principle does not prevent abuse. What the Supreme Court has indicated is that there must be, in the affidavit, a sufficient basis for the magistrate's concluding that the informant is a real person, in a position to know the facts, and reliable. I would think that the affidavit should contain enough information about the reliability of the informant as to afford a basis for later inquiry sufficient to ground a perjury prosecution if the affiant shall have lied. Such an affidavit as this one suggests hearsay on hearsay, not susceptible of a showing that the affiant has deceived the magistrate, if that be the case. It is saved solely by the information gained from Dr. Norton, and my brethren's willingness to extend Lewis, a marginal case, to an affidavit affording no basis whatever for testing the informant's reliability, is the aspect of this decision with which I cannot concur.
NOTES
[1] 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.
[2] 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. See also State v. Lewis, Fla. App.2d 1969, 225 So.2d 170, which is a case in which the affidavit furnished an adequate basis upon which the trial court could determine the reliability of the confidential informant.
[3] Fla. 1970, 233 So.2d 396.
[4] Hester v. United States, 1924, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; Monnette v. United States, 5th Cir.1962, 299 F.2d 847; Martin v. United States, 5th Cir.1946, 155 F.2d 503; United States v. Clancy, S.D.Miss. 1968, 285 F. Supp. 98.
[5] Restatement (Second), Torts § 198(1) (1965). See also Prosser, Law of Torts 121-123 (3rd ed. 1964); 1 Harper and James, Law of Torts § 1.17 (1956).
[6] Arlowski v. Foglio, 1926, 105 Conn. 342, 135 A. 397; Chambers v. Bedell, Pa. 1841, 2 Watts & S. 225, 37 Am.Dec. 508.