362 So.2d 444 (1978)
Ray Alton NORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. GG-437.
District Court of Appeal of Florida, First District.
September 7, 1978.
*445 Charles G. Brackins, Fort Lauderdale, and Jeffrey L. Meldon, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Michael H. Davidson, Asst. Atty. Gen., and L. Arthur Lawrence, State's Atty., for appellee.
McCORD, Chief Judge.
Appellant, Ray Alton Norman, was convicted under Count I of an information of possession of more than five grams of cannabis and under Count II of possession of cannabis with intent to sell same. He appeals the judgments and sentences. We affirm on Count I and reverse on Count II.
The initial question on this appeal is whether or not the trial court erred in denying appellant's motion to suppress the seized marijuana. The evidence viewed in the light most favorable to the state reflects the following: On November 14, 1976, Deputy Sheriff Leyon Beach received information from a confidential informant (reliability not shown) that marijuana belonging to certain persons (not appellant) was stored in a barn on the outskirts of Live Oak. He relayed this information to Sheriff Leonard. The sheriff knew that the property was owned by a Mrs. Hobgood (who was not one of the persons the informant named as owner of the marijuana) and that appellant, Ray Alton Norman, had farmed the property for the previous several months. He also knew that no one was living in the house on the property. He testified that at that time he did not have enough probable cause to obtain a search warrant.
That evening the sheriff went to the farm, and finding the gate locked, he climbed the fence and walked 250 yards to one of several tobacco barns (the pack-house) which had been identified by the confidential informant as the building containing the marijuana. Looking through the window with the aid of his flashlight, he saw substance which he identified as marijuana wrapped in tobacco sheets with some of it protruding from under the sheets. He left the farm and went back to town and then had the farm staked out in surveillance to see who would go and come from it.
Three days later, while on watch at the farm, Deputy Beach observed a truck stop at the gate. The driver opened it and drove back among the barns. About 15 or 20 minutes later, the truck came out and crossed the highway into a field. Deputy Beach pulled behind the truck and asked the driver (appellant) for his driver's license and advised him of his constitutional rights. He then told appellant that he knew there was marijuana in the barn. He testified that he did not place appellant under arrest at that time but told him that he would like to talk to him and appellant said he would tell him the whole story. Deputy Beach then told appellant to wait and tell it to the Sheriff later but that he would like to go in and see if the marijuana was still there if appellant would agree. He told appellant that he did not think appellant was involved with the marijuana, but he did feel that appellant knew it was there. He stated that appellant then said:
"Yeah, I knew it was there." Appellant asked if he could unload the hay off the truck for the cows in the field, and upon unloading it, the two of them went back across the highway to the house and on back to the barns. Deputy Beach testified that he knew which barn the marijuana was stored in and that he purposely went to the wrong barn; that upon doing so, appellant said, "No, it's not in this one, it's in the packhouse over there," pointing to the right barn; that they went over to it and appellant opened the door "and you could see it all in there"; that he told appellant this was a felony and that he would confiscate the marijuana, and appellant said that was all right with him. Deputy Beach then asked appellant if he would come in and talk to the sheriff, and since appellant agreed, he did not place him under arrest. They then went to the sheriff's office and *446 waited for him for 30-45 minutes, and being advised that it would be several hours before the sheriff would be back in town, Beach placed appellant under arrest, went back out to the farm in a truck, loaded the marijuana he had seen and brought it to the jail.
The evidence shows that appellant was a resident of Moultrie, Georgia, and was renting the farm and working it. Deputy Beach testified that he asked appellant if he was renting the farm and appellant advised that he was. The Sheriff testified that at the jail appellant told him that he had received an anonymous telephone call telling him not to look in those barns and that about two weeks prior to his arrest, he had looked in the packhouse and saw marijuana.
It is clear that the sheriff, on his initial trip to the farm, was a trespasser when he climbed the fence and walked 250 yards to the barn. The fact that he was a trespasser, however, does not make his observance of the marijuana through the barn window at that time an unreasonable search. As stated by the District Court of Appeal, Second District, in Cobb v. State, 213 So.2d 492 (Fla. 2 DCA 1968):
"The right given under the Constitution of the United States and the State of Florida is the right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches. It has been held that the protection afforded the people against unreasonable searches and seizures does not extend to the grounds of the property even though the searching authority is a trespasser."
There the Second District Court of Appeal quoted with approval from Martin v. United States, 155 F.2d 503 (5th Cir.1946), at page 505:
"The Fourth Amendment secured the people against not all, but only unreasonable searches and seizures of their persons, houses, papers, and effects. Enclosed or unenclosed grounds or open fields around their houses are not included in the prohibition. Hence, the examination by the officers without a search warrant of the 5-gallon jug left on the ground under appellant's car was not in violation of the Amendment. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898."
The Second District Court of Appeal also quoted with approval from Monnette v. United States, 299 F.2d 847 (5th Cir.1962), where the court further held it to be well settled that a trespass upon grounds surrounding a building does not constitute an illegal search; that the protection of the Fourth Amendment does not extend to the grounds, again citing Hester v. United States. See also United States ex rel. Saiken v. Bensinger, 546 F.2d 1292 (7th Cir.1976); Brock v. U.S., 256 F.2d 55 (5th Cir.1958); Hodges v. U.S., 243 F.2d 281 (5th Cir.1957).
We agree with the foregoing authorities. The sheriff's initial intrusion, though a trespass, does not render his view through the barn window an unreasonable search. We might take a different view if the house on the farm had been an occupied residence, but the sheriff knew that it was not occupied. The barn, under these circumstances, did not have the same protected status under the Fourth Amendment as would a dwelling house and the curtilage thereof.
Appellant, contending that the sheriff's initial view of the marijuana through the barn window was an unreasonable search, asserts that appellant's subsequent consent to search, acquired as a result of the information obtained from the alleged unreasonable search and alleged unlawful arrest based thereon, became fruit of the poisonous tree and inadmissible under that doctrine which was pronounced by the Supreme Court of the United States in Wong Sun v. U.S., 371 U.S. 471, 9 L.Ed.2d 441, 83 S.Ct. 407 (1963). Since we do not find the sheriff's initial excursion to the barn to have constituted an unreasonable search, the doctrine of Wong Sun is not applicable. The search by Deputy Beach from which the marijuana was confiscated was made with appellant's voluntary consent.
*447 Appellant also contends that there was not competent substantial evidence to support the jury's verdict finding appellant guilty of possession of marijuana and possession with intent to sell marijuana. The evidence is sufficient to show possession of more than 5 grams of marijuana exclusive of mature stalks. It is further sufficient to show that appellant was renting the farm, had actual knowledge of the presence of the marijuana and had the ability to reduce it to his control. We, therefore, find no deficiency of competent substantial evidence to support the verdict and conviction as to Count I.
As to Count II, however, we are unable to find evidence to support same. There is no direct evidence of intent by appellant to sell the marijuana. The only evidence of ownership of the marijuana is that it was owned by persons other than appellant. The only evidence or inference to be drawn from the evidence presented in the case is that appellant had custody and control of the marijuana which was owned by other persons. The evidence is, therefore, insufficient to show possession by appellant with intent to sell.
The judgment and sentence as to Count I is affirmed and the judgment and sentence as to Count II is reversed with directions to discharge appellant on Count II.
BOYER, J., and MASON, ERNEST E., Associate Judge, concur.