233 So.2d 396 (1970)
STATE of Florida, Petitioner,
v.
Russell SMITH, Stanley Smith, and Donna Smith, Respondents.
No. 38931.
Supreme Court of Florida.
March 25, 1970.
Earl Faircloth, Atty. Gen. and Charles W. Musgrove, Asst. Atty. Gen., for petitioner.
*397 Edward R. Kirkland, Orlando, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, affirming the order of the trial court quashing a search warrant and suppressing evidence obtained thereunder.[1] The District Court, in a brief per curiam opinion, stated:
"* * * The issue involved the sufficiency of an affidavit to present to an independent neutral magistrate probable cause to issue the search warrant. We find the presentment by the state failed to pass muster under the dictates of Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and now the most recent Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637."
Conflict is alleged with Paula v. State[2] and State v. Lewis.[3]
A search warrant was issued by the Criminal Court of Record, Orange County on February 2, 1968, for the search of Apartment E-7, La-Aloma Apartments on Aloma Avenue for "lottery tickets, records, implements, devices and paraphernalia used for the purpose of promoting and conducting a lottery."
The search warrant was issued on the affidavit of Officer Louis Lowery and was based on surveillances of Stanley Smith by the affiant and other officers. The affidavit alleged that on two consecutive Saturday afternoons one of the respondents met an unknown colored male to receive a brown paper bag and take it to an apartment; that on the second of these Saturdays the unknown colored male had first been followed and was seen stopping at various places in colored sections of town; that on one occasion his stop included a known bolita operator; that Officer Lowery and others had seen Smith meet known lottery violators and Smith had been seen to receive a brown paper bag on more than one occasion from these known lottery violators; a confidential informant had seen one of the lottery violators being given a paper bag containing lottery tickets just prior to meeting with Smith; that Lowery had additional cause to suspect the apartment because other officers had observed that the lights came on for the first time when Smith arrived at night suggesting that the apartment was a front for other activities. A few days after the last surveillance, a search warrant was obtained and executed resulting in the seizure of lottery paraphernalia.
Respondents' motions to quash the search warrant and suppress the evidence was granted on the grounds that the warrant was insufficient to show probable cause. On interlocutory appeal, the District Court affirmed.
The District Court of Appeal, Second District, in the Paula and Lewis cases, supra, upheld search warrants issued for lottery paraphernalia despite the fact that the supporting affidavits were based in whole or in part on information received from informers. In the instant case, the affidavit is based in part on direct personal observation by the affiant, Officer Lowery, and in part on information from other officers and a reliable confidential informer. The only information added to the affidavit by the confidential informer was "that the said known lottery violator was given a paper bag containing lottery tickets prior to the meeting with Stanley Smith." Taken as a whole the affidavit describes activities generally known to law enforcement officers and to courts as followed by those engaged in lottery operations.
The Paula and Lewis cases correctly state the law regarding sufficiency of affidavits *398 for search warrants based on information received from confidential informers. The decision of the District Court of Appeal, Fourth District, in the instant case conflicts with those decisions and is erroneous.
We have carefully reviewed the decisions of the United States Supreme Court in Spinelli v. United States[4] and Aguilar v. Texas.[5] The affidavits held insufficient in those cases were based almost entirely on reports received from informers without supporting factual allegations showing reliability and "underlying circumstances." The interpretation of Spinelli and Aguilar urged by respondents herein, would require the striking of a search warrant based on affidavits referring to tips from confidential informers not meeting Aguilar's test, even though the affidavit contained sufficient independent statements based on personal knowledge of the affiant. We are unwilling to adopt such a rule and do not believe Aguilar and Spinelli require it. An affidavit which is otherwise sufficient is not tainted by reference to a confidential tip, even though that tip be inadequate in itself under the Aguilar and Spinelli cases.
The United States Supreme Court concluded its opinion in the Spinelli case with the following statement:[6]
"[W]e do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause * * *; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial * * *; that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense * * *; and that their determination of probable cause should be paid great deference by reviewing courts * * *."
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., ROBERTS, CARLTON and ADKINS, JJ., and MANN, District Court Judge, concur.
DREW, J., dissents with opinion.
DREW, Justice (dissenting).
In conflict it's the forest

In error, the tree.

The difference is basic 'tho hard to see, Particularly in cases where we differ with thee,

On the merits.
I find no conflict sufficient to invoke our jurisdiction. Therefore, regardless of my views on the merits,
I dissent.
NOTES
[1] 224 So.2d 352 (Fla.App.4th 1969).
[2] 188 So.2d 388 (Fla.App.2nd 1966).
[3] 225 So.2d 170 (Fla.App.2nd 1969).
[4] 393 U.S. 410, 89 S.Ct. 584 (1969).
[5] 378 U.S. 108, 84 S.Ct. 1509 (1964).
[6] 393 U.S. 410, 419, 89 S.Ct. 584 (1969).