CARROLL, DONALD K., Judge.
The appellant was charged with and convicted of the crimes of possession of marijuana and possession of cocaine and has appealed from his judgment of conviction and sentence entered by the Circuit Court for Leon County, and from an order of the court denying the appellant’s motion - to quash a search warrant and to suppress evidence seized under such warrant.
The sole question presented for our determination in this appeal is whether the trial court’s said order denying the appellant’s motion to suppress items seized from his private dwelling denied to the appellant the right against unreasonable searches as guaranteed by the fourth and fourteenth amendments to the United States Constitution, Article I, Section 12, of the Florida Constitution, F.S.A., and the laws of Florida.
The search warrant in question was issued by the court upon the basis of an affidavit executed by one Terry Bondurant, a Special Agent of the Florida Department of Law Enforcement. In that affidavit Bondurant stated that narcotic drugs are. being kept on the premises of the appellant’s residence in Tallahassee; that the affiant was advised by Special Agent Robert Sheridan of the Orlando office of the Florida Department of Law Enforcement concerning such violation of the laws of Florida within a week before the filing of the said affidavit, that special agents of the said Orlando office had executed a search warrant in St. Lucie County and, pursuant thereto, seized three letters addressed to the occupant of the premises and sent by the appellant, the contents of which letters centered around discussions of the purchase, dispensing, and trafficking of narcotic drugs, the letters indicating that the said drugs were being transmitted between these parties via the U.S. mails. Copies of two of the three seized letters from the appellant to the said occupant in St. Lucie County were attached to the affidavit, the two letters indicating that both the appellant and the said occupant were engaged in the illicit drug traffic. Finally, the affiant declares in his affidavit: “On the basis of your affiant’s experience and from the facts set forth herein, your affiant therefore believes and has good reason to believe that the premises and curtilage described herein to be searched, and is heretofore more particularly described, are being used to violate the laws of the State of Florida prohibiting the possession of heroin and cocaine.”
Upon the basis of the foregoing affidavit, the trial court found that probable cause existed to believe that the law is being violated, and issued the search warrant.
As stated by the appellee in its brief, the issue in search warrant proceedings is not guilt beyond a reasonable doubt but probable cause for believing the occurrence of a crime and the secreting of evidence in specific premises. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). This court held in Harrington v. State, 110 So.2d 495 (Fla.App.1959):
“The test is not whether the affiant should or should not rely on the infor *406 mation provided by the informer, but simply whether he did rely upon it and whether the circumstances stated by the affidavit are reasonably sufficient to warrant the conclusion that it is likely the law is being violated, . . . .”
In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the U. S. Supreme Court held that “only the probability and not a prima facie showing of criminal activity is the standard of probable cause” for the issuance of a search warrant.
The appellant contends, and we must agree, that Bondurant’s above affidavit is based largely upon hearsay evidence. That fact, however, does not render the affidavit useless as a basis for the issuance of a search warrant, under the established de-cisional law of this jurisdiction and the United States Supreme Court. For instance, the latter court said in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) that “hearsay evidence may provide the probable cause necessary for the issuance of a search warrant where a substantial basis for crediting the hearsay evidence is presented.”
More specifically, with reference to a confidential tip, the U. S. Supreme Court held in Spinelli v. United States, supra:
“ — what is necessary under Aguilar [Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723] is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it.” White, J., Concurring.
In State v. Smith, 233 So.2d 396 (Fla.1970) the Supreme Court of Florida held that an affidavit for a search warrant “which is otherwise sufficient is not tainted by reference to a confidential tip, even though that tip is inadequate itself under the Aguilar and Spinelli cases.” Our Supreme Court then quoted with approval the following from the Spinelli case, supra:
“[W]e do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause * * *; that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial * * *; that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense * * * ; and that their determination of probable cause should be paid great deference by reviewing courts * * *.”
One of the Florida cases involving a factual situation most nearly analogous to that in the case at bar is Ludwig v. State, 215 So.2d 898 (Fla.App.1968), in which the Third District Court of Appeal held that “a valid search warrant may be issued even though the affidavit upon which it is based does not include an allegation that the af-fiant has received his information from a reliable source.”
Finally, the Supreme Court of Florida held in Chacon v. State, 102 So.2d 578 (Fla.1957):
“In other words, an officer may obtain information which would be adequate to support probable cause for the issuance of a search warrant even though if such information were subjected to the technical rules of evidence applicable to the trial of the cause, it would not be considered admissible.”
The appellant has also made several other contentions in this appeal, each of which is directed to a particular segment of the Bondurant affidavit. For instance, the appellant claims that a portion of the affidavit is insufficient, which portion states that there is a letter in the Tallahassee post office addressed to the appellant appearing to contain “some bulky substance other than paper.” Certainly, if that statement were the only statement in the affidavit, the affidavit would be insufficient to justify the issuance of the search warrant, but there *407 were numerous other statements in the affidavit that we think amply justified the court’s finding that the affiant had a reasonable ground for believing that contraband drugs were on the appellant’s premises. In fact, the statement about the letter in the post office may be treated as surplusage.
Upon the authority of the foregoing decisions, the judgment and order appealed from herein should be and they are
Affirmed.
SPECTOR, C. J., and RAWLS, J., concur.