274 So.2d 228 (1973)
Keith Ivar ANDERSEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 42810.
Supreme Court of Florida.
February 28, 1973.
Rehearing Denied March 29, 1973.
*229 Wilfred C. Varn and Thomas M. Ervin, Jr., of Ervin, Varn, Jacobs & Odom, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner by conflict certiorari proceedings to the First District Court of Appeal seeks review of that court's affirmance of his conviction of possession of marijuana and cocaine. (Andersen v. State, Fla.App. 1972, 265 So.2d 404.) We have jurisdiction because of apparent conflict with our decision in State v. Smith, Fla. 1970, 233 So.2d 396.[1]
At the trial level petitioner sought to quash a search warrant and to suppress the evidence seized from his apartment, by attacking the sufficiency and validity of the affidavit supporting the search warrant. The trial judge was not impressed and denied the motion. Reserving his objections, petitioner pleaded nolo contendere,[2] whereupon, the trial judge found him guilty and entered judgment and sentence thereon.
The District Court of Appeal was equally unimpressed with petitioner's continued asserted errors. Now, the case appears before us on comparatively simple facts and application of law.
The record proper[3] discloses that the affidavit in question was executed by a Tallahassee special law enforcement agent, Bondurant, who obviously had no personal knowledge of the events contained in his affidavit. Bondurant related that a special *230 law enforcement agent, Sheridan, of Orlando (some 240 miles from Tallahassee) told him that one week prior thereto a search conducted in Ft. Pierce (some 115 miles from Orlando) revealed drugs and certain letters from the petitioner implicating him in drug traffic. Attached to Bondurant's affidavit were several (reproduced in typed form) copies of alleged letters from petitioner. Bondurant never related whether Sheridan's information was to his personal knowledge or whether, if hearsay, that Sheridan had reason to believe it. In fact, Bondurant never indicated that he knew or was personally acquainted with Sheridan. Bondurant stated he was then "advised" by certain "officials" of the Tallahassee Post Office Department that the department was in possession of a letter addressed to petitioner which appeared to contain some bulky substance other than paper. However, Bondurant never named the postal "officials" talked to, whether their observations were personal, or hearsay through other postal employees, and, if so, that they had good reason to believe it.
Thus, the stage is set for a legal determination of the sufficiency of the affidavit to support the search warrant and resultant seizure, the conclusion of which determines petitioner's ultimate guilt or discharge in this case.
We are clearly aware of the deference that is to be paid by reviewing courts in determining probable cause for issuance of search warrants;[4] the credibility of sources of information;[5] and that search warrants may properly be issued upon hearsay statements subject to the standards of the probable cause test.[6] However, other criteria also exist.
In State v. Smith, supra, our court discussed at length affidavits and search warrants and we adopted the rationale of Spinelli v. U.S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 637 (1969), which in turn elaborated upon Aguilar, supra. The District Court even quoted in part from Justice White's concurrence in Spinelli which succinctly stated Aguilar's principle to be:
"If the affidavit rests on hearsay  an informant's report  what is necessary under Aguilar is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it." (Emphasis supplied)[7]
Applying the foregoing principles to the affidavit sub judice, its tensile strength is stretched beyond endurance: affiant Bondurant obviously had no knowledge of the events described except through "Sheridan" and certain "officials" of the post office department; Bondurant, in fact, never stated whether he was personally acquainted with Sheridan or the postal "officials"; there was no showing of Sheridan's knowledge (personal or hearsay, and, if hearsay, good reason for Sheridan believing it); and there was no showing of the postal "officials" knowledge to be personal or hearsay through other employees, and, if hearsay, their good reason for believing it. Any conclusion of a crime to be drawn from the affidavit rests upon a hopeless pyramiding of inferences. Agent Bondurant may "in his opinion" have had good reason for "his" belief that a search warrant should be issued, but that is not the legal test to be applied where his conclusion is based on hearsay. The affidavit of 3 typewritten pages, containing numerous handwritten corrections, was obviously no sudden ebullition, and could have easily contained the *231 factors we have commented on, if known and if true.
Law is and should be profound, and our conclusion is not to be construed as an avalanche of vituperation. In this case only, and upon these given facts, the affidavit falls short of being sufficient.
Accordingly, for the reasons stated, certiorari is granted and the decision of the First District Court of Appeal is quashed and this cause is remanded to the First District Court of Appeal with instructions that petitioner be discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS and McCAIN, JJ., concur.
DEKLE, J., dissents
NOTES
[1] Fla. Const., Art. V, § 4(2), 1968, now Fla. Const., Art. V, § 3(b) (3), 1971, F.S.A.
[2] State v. Ashby, Fla. 1971, 245 So.2d 225; Chesebrough v. State, Fla. 1971, 255 So.2d 675, cert. den. 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676.
[3] Foley v. Weaver Drugs, Fla. 1965, 177 So.2d 221.
[4] State v. Smith, supra.
[5] McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).
[6] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
[7] See Reed v. State, Fla. 1972, 267 So.2d 70.