316 So.2d 33 (1975)
Thomas FINDLAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 45097.
Supreme Court of Florida.
June 4, 1975.
Rehearing Denied August 14, 1975.
L.B. Vocelle, Vero Beach, and Joe M. Mitchell, Jr., Melbourne, for petitioner.
Robert L. Shevin, Atty. Gen., and Frank B. Kessler, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to the Fourth District Court of Appeal, which affirmed per curiam without opinion the petitioner's lower court conviction of possession of marijuana.[1] We originally granted certiorari because of alleged conflict with Wolff v. State, 291 So.2d 15 (Fla.App.3d 1974), which was subsequently reversed by this Court in State v. Wolff, 310 So.2d 729 (Fla. 1975). At issue is the legal sufficiency of an affidavit containing alleged informant information to support a search warrant of the petitioner's home.
From our examination of the search warrant, it is clear that the affiant, Detective Joseph J. Sardella, personally conducted a surveillance of the petitioner's premises after receiving information from neighbors and other confidential informants. On at least eight different occasions the affiant personally observed known users of drugs going to and from the premises carrying small paper or plastic bags of an unknown substance, believed to be marijuana. The affiant further stated that the petitioner, owner of the premises to be searched, was known to the affiant as a dealer and user of marijuana, having previously been arrested for possession of marijuana in Indian River County. Finally, the affiant observed several vehicles going to the premises, with the occupants carrying small bags from the premises to their vehicles.
Petitioner alleges that the affidavit is insufficient as a matter of law because of the use of informant information contrary to the Third District Court's decision in Wolff v. State, supra. Petitioner further alleges that the affidavit failed to establish the reliability of the neighbors and confidential informants contrary to Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The first contention is without merit, having been disposed of in our reversal of the District Court's decision in Wolff v. State, supra.
*34 The second argument would have merit under the standards set down by this Court in Wolff and in the federal cases cited if the affidavit had contained material reliance upon tips from neighbors and confidential informants for issuance of a search warrant without establishing the informants' reliability. But, as this Court stated in State v. Smith, 233 So.2d 396, 398 (Fla. 1970):
"We have carefully reviewed the decisions of the United States Supreme Court in Spinelli v. United States and Aguilar v. Texas. The affidavits held insufficient in those cases were based almost entirely on reports received from informers without supporting factual allegations showing reliability and `underlying circumstances.' The interpretation of Spinelli and Aguilar urged by respondents herein, would require the striking of a search warrant based on affidavits referring to tips from confidential informers not meeting Aguilar's test, even though the affidavit contained sufficient independent statements based on personal knowledge of the affiant. We are unwilling to adopt such a rule and do not believe Aguilar and Spinelli require it. An affidavit which is otherwise sufficient is not tainted by reference to a confidential tip, even though that tip be inadequate in itself under the Aguilar and Spinelli cases." [Emphasis supplied]
Our holding in Smith is not inconsistent with our opinion in State v. Wolff, supra. The present affidavit could have omitted all reference to the neighbors and confidential informants without affecting the determination of probable cause. On relatively similar facts, a federal court has stated:
"Spinelli is no authority for the proposition that the search warrant is invalid because an investigation is begun as a result of a tip. Weak, anonymous and even untrustworthy information may serve as the opening clue to uncovering criminal acts... ." DiPiazza v. United States, 415 F.2d 99, 105 (6th Cir.1969).
We have considered petitioner's further contention regarding the State's alleged failure to demonstrate that he was in constructive possession of the contraband. It is without merit.
We find no present conflict with the controlling law of this state.
Writ discharged.
ADKINS, C.J., and ROBERTS, BOYD and ENGLAND, JJ., concur.
NOTES
[1] Findlay v. State, 288 So.2d 592 (Fla.App. 4th 1974).