HOBSON, Judge.
Appellants challenge the judgments below finding them guilty of felony possession of marijuana and felony possession of narcotics paraphernalia. Specifically, they assert the contraband was seized pursuant to an invalid search warrant. We agree.
On July 10, 1974, Deputy Roy Little of the Manatee County Sheriffs Office received a telephone call from one Jim Jones of the Toledo, Ohio Police Department. Jones informed Little that he had in custody one John Rodgers for possession of marijuana. The caller then related to Little that Rodgers had told him (Jones) that there was a quantity of marijuana (1200 pounds) located in a white van on the premises of one of the defendants, Tom Johnson, in the Bradenton, Florida area. Directions as to the location of these premises were also given.
Little also spoke with the informant Rodgers who stated that the defendant, Tom Johnson, was also in possession of a quantity of cocaine, but that he did not know where it was kept on the premises. Rodgers stated further that he last saw the marijuana within the white van on or about a previous Friday night, July 5.
Little stated he had no knowledge of Jones or Rodgers nor had he ever had any previous or subsequent contact with either of them. Following the termination of this telephone conversation, Little made a search of the Manatee County Sheriff’s records and determined that the defendant, Thomas Johnson, was living at the address described as of April 16,1974. Acting upon the information received, Little and other sheriff’s deputies then placed the defendant’s home under surveillance. No illegal or suspicious activity was observed during the brief two-hour period of surveillance.
After Little’s return to the sheriff’s office in the early morning hours of July 11, he prepared an affidavit and a proposed search warrant for the home of the defendants based solely on the information received in the telephonic tip.
Thereafter at approximately 5:30 A.M. Little went to the home of Roberta P. Knowles, a County Judge in Manatee County, and delivered to her the affidavit and proposed warrant. Judge Knowles acknowledged the affidavit and signed the warrant. The search warrant authorized a search of the premises without specifying the white van. Upon issuance of the warrant, Little and the other officers returned to the home of the defendants. The warrant was then executed and a search of the home and the van produced a certain quantity of narcotics and paraphernalia.
At the ensuing suppression hearing, briefs were filed on the validity of the warrant and affidavit. The trial judge denied the motions to suppress and the defendants were convicted. This appeal followed.
The only issue for our determination [1] is whether the affidavit submitted by Deputy Little was sufficient to support the search warrant as issued. It is axiomatic *669 that an affidavit supporting a search warrant may be based on hearsay information and need not reflect the direct personal observation of the affiant. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Middleton, 302 So.2d 144 (Fla. 1st DCA 1974). It is equally well recognized that the use of hearsay statements to support search warrants is subject to the standards of the probable cause test. Aguilar, supra; Andersen v. State, 274 So.2d 228 (Fla.1973). The existence of probable cause herein must be based upon the information which was available to the affiant Little at the time he executed the affidavit. This conclusion is required since no independent observation or knowledge of any criminal activity on the part of the defendants was conveyed to the sheriff’s office on or about the time of the warrant’s execution. Thus this case differs from those situations where the affidavit supporting the warrant is based in part on information received from a confidential informant. Cf. State v. Smith, 233 So.2d 396 (Fla.1970); Findlay v. State, 316 So.2d 33 (Fla.1975). Here the affidavit supporting the warrant is based entirely on the tip received by Little from the purported police officer and his prisoner in Ohio.
We think this case falls short of the standards enunciated in Aguilar and Spinel-li for the testing of hearsay information as it is used to support the issuance of warrants. Florida courts, in approving those criteria, have required corroboration of an informant’s tip sufficient to establish both the reliability of the informant and that the informant had obtained his information in a reliable way. State v. D’Agostino, 305 So.2d 832 (Fla. 4th DCA 1975); State v. Middleton, 302 So.2d 144 (Fla. 1st DCA 1974). In this case Deputy Little unequivocally stated that he did not know and had never seen or even heard of either the Toledo police officer, Jones, or the suspect, Rodgers, from whom Jones had elicited the information. Subsequent investigation by Little, as to whether the defendant Johnson lived at the address given, coupled with the brief surveillance of this residence, where no illegal activity was observed, did not elevate this hearsay to minimum constitutional requirements.
This is exactly the factual situation our Supreme Court condemned in Andersen v. State, supra. Cf. Pesce v. State, 288 So.2d 264 (Fla. 4th DCA 1974). In fact, there was no showing of either Jones’ or Rodgers’ knowledge, personal or hearsay, and if hearsay, good reason for either of them believing it. As stated in Andersen, supra,
“Any conclusion of a crime to be drawn from the affidavit rests upon a hopeless pyramiding of inferences. Agent Bondu-rant may ‘in his opinion’ have had good reason for ‘his’ belief that a search warrant should be issued, but that is not the legal test to be applied where his conclusion is based on hearsay.” 274 So.2d at 230.
Accordingly, for the reasons stated, we conclude that the affidavit was insufficient to reflect probable cause of the existence of narcotics in the defendants’ premises and the evidence seized under the search warrant must be suppressed. Therefore, the judgments and sentences are hereby reversed.
McNULTY, C. J., and BOARDMAN, J., concur.

. Defendants assail in their brief the insufficiency in form and execution of the affidavit submitted by Deputy Little. Specifically the defendants assert the affidavit lacks any notary seal, court seal or other indication of authorization of the person before whom it was suppos *669 edly sworn. Similarly, they contend the failure of Judge Knowles to affix a seal or the name of her office to the search warrant pursuant to § 933.07, Fla.Stat. (1973) vitiates the warrants validity. We do not agree. This is not the type of error that we have condemned in other instances involving omissions in warrants. Cf. Martin v. State (Fla 2d DCA 1976). Op. filed July 16, 1976. Defendants have also_ attacked the description of the place to be searched as described in the warrant. Since we find no probable cause for issuance of the warrant initially, we need not reach this issue.