DELL, Judge.
The State of Florida appeals from an order granting appellee’s motion to suppress evidence.
Based on information furnished by a confidential informant, the State placed an apartment building under surveillance. A deputy saw a suspect named Smith, carrying what appeared to be a briefcase, get into appellee’s car. Deputies later stopped the automobile and after obtaining appel-lee’s consent, searched it. Inside the automobile they found a backgammon set which contained a vial of cocaine and drug paraphernalia. At that time appellee denied ownership of the backgammon set and its contents. He later moved to suppress the evidence based on the alleged illegality of the search and seizure. The trial court granted appellee’s motion to suppress notwithstanding appellee’s failure to plead and establish standing to challenge the search and seizure of the backgammon set.
The State contends that appellee had no standing to challenge the search and seizure, but concedes that it failed to raise this matter in the trial court. However, the State argues that it may challenge appellee’s standing for the first time on appeal upon the authority of Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981). We agree.
In Morales, the court stated:
[T]he state challenges the defendants’ standing herein for the first time on appeal. Although the challenge does not come too late, we are precluded by law from deciding the issue in the state’s favor without first remanding the cause to the trial court for the purpose of developing a complete record on the standing issue — the theory being that the issue was not fully litigated below, absent a proper state challenge, and that the defendants may have standing evidence which they were lulled into not presenting below and could present upon remand. Combs v. United States, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972); State v. Hutchinson, 404 So.2d 361 (Fla. 2d DCA 1981); St. John v. State, 400 So.2d 779 (Fla. 1st DCA 1981); Coster v. State, 392 So.2d 16 (Fla. 3d DCA 1981).
Id. at 326 (footnote omitted).
The record before us fails to establish that appellee had an expectation of privacy in the backgammon set, and therefore fails to establish his standing to challenge the search and seizure of the contraband. However, since the State failed to raise the standing argument below we do not know whether the facts established at the suppression hearing are complete with respect to this issue.
Therefore we reverse the order granting appellee’s motion to suppress and remand this case to the trial court for the purpose of developing a complete record on the standing issue and for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
WALDEN, J., concurs.
ANSTEAD, J., dissents with opinion.