PER CURIAM.
We hold that the trial court was eminently correct, upon the facts presented, in denying the motion to suppress. The marine patrol acted lawfully when it stopped the boat for a decal violation[1] and when it subsequently boarded the boat for a registration check and safety inspection.[2] See State v. Casal, 410 So.2d 152 (Fla.1982), cert. dismissed, 462 U.S. 637, 103 S.Ct. 3100, 77 L.Ed.2d 277 (1983); Sherman v. State, 419 So.2d 375 (Fla. 1st DCA 1982).
While on board, the marijuana was discovered in plain view and smell.
We, therefore, affirm the judgment and sentence.[3]
Affirmed.
DOWNEY and STONE, JJ., and LEONARD RIVKIND, Associate Judge, concur.

. Sections 327.11(5) and 328.07(5), Florida Statutes (1985).

. Section 327.56, Florida Statutes (1985).

.Having acknowledged the correctness of the order denying the motion to suppress, the issue of standing, raised by the state for the first time on appeal, has been rendered moot. See State v. Abetes, 483 So.2d 460 (Fla. 4th DCA 1986).